CHICAGO MERCANTILE EXCHANGE *v.*
DEAKTOR ET AL.

No. 73–241.   Decided December 3, 1973

PER CURIAM.

The petitioner, Chicago Mercantile Exchange, was sued in two separate actions in the District Court.   In one, the *Phillips* suit, it was alleged that the Exchange had forced sales of futures contracts in March 1970 fresh eggs at artificially depressed market prices and had thereby monopolized and restrained commerce in violation of §§ 1 and 2 of the Sherman Act, 26 Stat. 209, as amended, 15 U. S. C. §§ 1, 2, and had violated § 9 (b) of the Commodity Exchange Act (CEA), as amended, 82 Stat. 33, 7 U. S. C. § 13 (b), by manipulating prices of a commodity for future delivery on a contract market. The Exchange was also accused of violating § 5a of the CEA, 7 U. S. C. § 7a (8), for failure to enforce one of its own rules.   In the second suit, the *Deaktor* case, the Exchange was charged with violating the CEA and its own rules as a designated contract market because it had failed

to exercise due care to halt the manipulative conduct of certain of its members who allegedly had cornered the July 1970 market in frozen pork bellies futures contracts.

The Exchange defended both actions on the ground that it was faithfully discharging its statutory duty of self-regulation. It asserted that its challenged acts in the *Phillips* case were measures taken to prevent speculation in futures contracts and as such were not in violation of the CEA. Rather, they were authorized and required by the statute and hence cannot be considered within the reach of the antitrust laws. Likewise, in the *Deaktor* suit, the Exchange claimed that it had taken all proper and reasonable steps to perform its statutory responsibility to prevent manipulation.

The Exchange further urged that because the Commodity Exchange Commission had jurisdiction to determine whether the Exchange was violating the CEA or its own rules and to impose sanctions for any such offense, both suits should be stayed to permit the Commission to determine in the first instance whether or not the actions of the Exchange under scrutiny were in discharge of its proper duties under the CEA and its regulations. The District Court refused the stay, and the Court of Appeals affirmed. *Deaktor* v. *L. D. Schreiber & Co.*, 479 F. 2d 529 (CA7 1973). Both courts were in error.

*Ricci* v. *Chicago Mercantile Exchange,* 409 U. S. 289 (1973), held that an antitrust action against the Exchange should have been stayed to afford the Commodity Exchange Commission an opportunity to determine if the challenged conduct of the Exchange was in compliance with the statute and with Exchange rules. Because administrative adjudication of alleged violations of the CEA and the rules lay at the heart of the task assigned the Commission by Congress, we recognized that

the court, although retaining final authority to interpret the CEA and its relationship to the antitrust laws, should avail itself of the abilities of the Commission to unravel the intricate and technical facts of the commodity industry and to arrive at some judgment as to whether the Exchange had conducted itself in compliance with the law. An adjudication by the Commission that the actions of the Exchange were authorized or required by the CEA would not necessarily dispose of the question of immunity from antitrust liability. We nevertheless thought the considered view of the Commission would be of sufficient aid to the court that the action should not go forward without making reasonable efforts to invoke the jurisdiction of the Commission. *Id.,* at 305–306. As we did in *Ricci,*

> "we simply recognize that Congress has established a specialized agency that would determine either that a . . . rule of the Exchange has been violated or that it has been followed. Either judgment would require determination of facts and the interpretation and application of the Act and Exchange rules. And either determination will be of great help to the antitrust court in arriving at the essential accommodation between the antitrust and the regulatory regime . . . ." *Id.,* at 307.

In our judgment, the Court of Appeals, as in *Ricci,* should have requested the District Court to stay the proceedings in the *Phillips* case to afford an opportunity to invoke the jurisdiction of the Commission. For very similar reasons, the *Deaktor* plaintiffs, who also alleged violations of the CEA and the rules of the Exchange, should be routed in the first instance to the agency whose administrative functions appear to encompass adjudication of the kind of substantive claims made against the Exchange in this case.

The petition for writ of certiorari is granted, the judgment of the Court of Appeals is reversed, and the case remanded for further proceedings consistent with this opinion.

*So ordered.*

MR. JUSTICE STEWART dissents. He would affirm the judgment substantially upon the reasoning of Judge Castle's concurring opinion in the Court of Appeals. 479 F. 2d 529, 535.