**R. J. HERELEY & SON COMPANY, an Illinois Corporation, and Daniel R. Hereley, Plaintiffs,**

v.

**STOTLER & COMPANY, a Delaware Corporation, Defendant.**

No. 77 C 4808.

United States District Court, N. D. Illinois, E. D.

March 2, 1979.

---

Joel J. Bellows, Bellows & Associates, Chicago, Ill., for plaintiff.

Sari S. Escovitz, Richard J. Cochran, Michael J. Smith, Tenney & Bentley, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This is an action for violation of the Commodity Exchange Act, as amended by the Commodity Futures Trading Commission Act of 1974, 7 U.S.C. § 6b. In addition, plaintiffs seek damages under a variety of common law theories.

Defendant has moved to dismiss the action on the ground that this Court lacks subject matter jurisdiction. Plaintiffs contend that this Court's jurisdiction is predicated on 28 U.S.C. § 1331(a) which confers jurisdiction on a federal court for actions arising under the laws of the United States, and 28 U.S.C. § 1337 which empowers federal courts to entertain actions arising under federal statutes regulating or protecting trade and commerce and the doctrine of pendant jurisdiction.

Diversity of citizenship is not an alternative basis for jurisdiction in this case, and all but the first count of the complaint arise under state law. Thus, the sole question presented by defendant's motion is whether there is an implied right of action for private remedies under the Commodity Exchange Act, as amended by the Commodity Futures Trading Commission Act of 1974.

There is no question that in this circuit, before the 1974 amendments, a private cause of action for violations of the Commodity Exchange Act was recognized. *Hirk v. Agri-Research Council, Inc.*, 561 F.2d 96 (7th Cir., 1977); *Case & Company, Inc. v. Board of Trade of City of Chicago*, 523 F.2d 355 (7th Cir., 1975); *Deaktor v. L.*

*D. Schreiber & Co.*, 479 F.2d 529 (7th Cir., 1973), *rev'd on other grounds sub nom. Chicago Mercantile Exchange v. Deaktor*, 414 U.S. 113, 94 S.Ct. 466, 38 L.Ed.2d 344 (1973); *Goodman v. H. Hentz & Company*, 265 F.Supp. 440 (N.D.Ill., 1967).

Defendant argues, however, that by amending the Act, Congress intended to abolish any basis for private damage actions. In so doing, defendant relies on 7 U.S.C. §§ 2 and 18, claiming that those provisions establish that the Commodity Futures Trading Commission (Commission) has exclusive jurisdiction over any transaction involving commodities and that the Commission's reparation procedure is the only remedy available to claimants injured as a result of alleged violations of the Act.

■ Section 2 of Title 7 U.S.C. clearly grants exclusive jurisdiction to the Commission "with respect to accounts, agreements . . . and transactions involving contracts of sale of a commodity for future delivery, traded or executed on a contract market . . . or any other board of trade, exchange or market, and transactions subject to regulation by the Commission . . . ." However, we cannot agree with defendant that the term exclusive jurisdiction, when read in the context of the entire provision, prohibits this Court from entertaining a private action for fraudulent acts of a commodity futures merchant.

■ The reference to the Commission's exclusive jurisdiction was merely intended to remedy the confusion about whether certain types of commodities transactions came within the definition of a security and thus subject to regulation under the securities laws. The effect of the amendments was to place all regulation of the commodities markets in the hands of the newly created Commission. 7 U.S.C. § 4a. See *Hofmayer v. Dean Witter & Company, Inc.*, 459 F.Supp. 733 (N.D.Cal., 1978). Significantly, following the grant of jurisdiction in 7 U.S.C. § 2, the statute explicitly provides that "[n]othing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State."

The legislative history supports this interpretation. The Senate amendment to the House bill added certain provisions in an attempt to clarify the scope of the Commission's jurisdiction.

*The House bill provides for exclusive jurisdiction of the Commission over all futures transactions. However, it is provided that such exclusive jurisdiction would not supersede or limit the jurisdiction of the Securities and Exchange Commission or other regulatory authorities.*

*The Senate amendment retains the provision of the House bill but adds three clarifying amendments. The clarifying amendments make clear that (a) the Commission's jurisdiction over futures contract markets or other exchanges is exclusive and includes the regulation of commodity accounts, commodity trading agreements, and commodity operations; (b) the Commission's jurisdiction, where applicable, supersedes State as well as Federal agencies; and (c) Federal and State courts retain their respective jurisdictions.* H.Conf.Rep.No.93–1383, 93d Cong., 2d Sess., *reprinted in* [1974] U.S. Code Cong. & Admin.News, pp. 5843, 5897.

The language of the statute and the legislative history do not compel a decision that, by enacting 7 U.S.C. § 2, Congress intended to prohibit private causes of action for violations of the Act.

■ We now turn to defendant's claim that, by providing an administrative remedy, Congress intended to preclude implied private causes of action. Although 7 U.S.C. § 18 permits an aggrieved party to file a complaint with the Commission for the violation of any provision of the Commodity Exchange Act, neither the statute, its legislative history nor the cases interpreting that provision require a finding that it is the exclusive remedy for an aggrieved customer.

Section 18 provides that "[a]ny person complaining of any violation of any provision of this chapter or any rule, regulation or order . . . may . . . apply to the Commission," and then sets forth proce-

dures which the Commission is to follow. In explaining that section, the Senate Report states that "[a] complaint could be filed by any person, based on any violation of the Act or rules, regulations or orders thereunder." S.Rep.No.93–1131, 93d Cong., 2d Sess., *reprinted* in [1974] U.S.Code Cong. & Admin.News, pp. 5843, 5868.

That a complaint "could" or "may" be filed suggests that the reparations procedure is merely one alternative for a person injured as a result of violations of the Act. Had it been the intention of Congress to restrict private claims to the reparations procedures before the Commission, Congress would have used more imperative language. Congress was aware of court decisions that granted a right of action for private relief to injured parties under the Commodity Exchange Act. Having failed to overcome those decisions with either an explicit mandate or a stronger indication that the reparations procedure was intended to be an exclusive remedy, it is clear that Congress did not intend to alter those holdings. Cf. *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978).

Defendant claims that only two cases, *Bartels v. International Commodities Corp.*, 435 F.Supp. 865 (D.Conn., 1977) and *Consolo v. Hornblower & Weeks-Hemphill, Noyes, Inc.*, 436 F.Supp. 447 (N.D.Ohio, 1976), have reached the precise issue presented here. Both of those cases held that there was no private right of action in federal court at least until the complainant had exhausted his administrative remedies. Defendant urges us to follow those decisions.

We believe, first, that those decisions do not necessarily represent the weight of authority. See, e. g., *Hofmayer v. Dean Witter & Company, Inc.*, 459 F.Supp. 733 (N.D. Cal., 1978) (private right of action found for violation of § 6b and § 6o). Secondly, neither *Consolo* nor *Bartels* is dispositive.

In *Consolo v. Hornblower & Weeks-Hemphill, Noyes, Inc.*, 436 F.Supp. 447 (N.D.Ohio, 1976), the transactions at issue occurred before the effective date of the 1974 amendments. Consequently, the decision merely involved a construction of the Commodity Exchange Act prior to its having been amended. Thus, the conclusion that there was no private action available was directly contrary to the law in this circuit. *Case & Company, Inc. v. Board of Trade of City of Chicago*, 523 F.2d 355, 360 (7th Cir., 1975).

*Bartels v. International Commodities Corp.*, 435 F.Supp. 865 (D.Conn., 1977) squarely held that a defrauded plaintiff had no private right of action until he complied with the Commission's reparations procedure. However, we believe it to have been incorrectly decided and subsequent decisions in the Second Circuit have impliedly repudiated it.

In *Ames v. Merrill Lynch, Pierce, Fenner & Smith*, 567 F.2d 1174 (2d Cir., 1977), a plaintiff brought an action against his broker seeking damages for violations of 7 U.S.C. §§ 6b and 6c. The issue there concerned the application of a Commission regulation governing arbitration agreements. The court's finding that the regulation applied to all agreements existing at the time of the regulation's enactment resulted in voiding the parties' agreement to arbitrate. As a consequence, the court refused to compel arbitration or to stay the federal court action.

Contrary to the holding in *Bartels*, there is nothing in *Ames* that would indicate that exhaustion of the Commission's reparations procedure was a prerequisite to bringing a case for violation of the Commodity Exchange Act, as amended, directly in federal court. Indeed, the court of appeals summarily found "that there is an implied cause of action under the Act for a private remedy," and that there was subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. *Ames v. Merrill Lynch, Pierce, Fenner & Smith*, 567 F.2d 1174, 1176 (2d Cir., 1977).

■ In some circumstances the Commission's expertise might be essential to the disposition of a commodities case. However, an action for violation of 7 U.S.C. § 6b, which is in essence an action for fraud, is not the type of suit that requires

special knowledge of the intricacies of the commodities markets. Traditionally, courts of law have provided an adequate forum to litigate damage actions for fraud.

Accordingly, having found that there is an implied cause of action for damages under the Commodity Exchange Act as amended by the Commodity Futures Trading Commission Act of 1974, the defendant's motion to dismiss is denied. Defendant is directed to answer within 21 days from the date of this order. This cause is set for a report on status on March 23, 1979.