**Darryl B. DEAKTOR, Plaintiff,**

**v.**

**David G. HENNER, et al., Defendants.**

**No. 70C2744.**

United States District Court,
N. D. Illinois, E. D.

Dec. 8, 1980.

Aram Hartunian, Pressman & Hartunian, Chicago, Ill., Herbert E. Milstein, Glen DeValerio, Kohn, Milstein & Cohen, Washington, D. C., for plaintiff.

Jerrold E. Salzman, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff Deaktor has brought this action against the Chicago Mercantile Exchange ("Exchange") and various exchange members for allegedly manipulating frozen pork belly futures in violation of the Commodity Exchange Act ("CEA"). In *Chicago Mercantile Exchange v. Deaktor*, 414 U.S. 113, 94 S.Ct. 466, 38 L.Ed.2d 344 (1973), the Supreme Court ordered a stay of the proceedings to permit an administrative hearing before the Commodity Exchange Commission, now succeeded by the Commodity Futures Trading Commission ("CFTC"). Exchange now moves for summary judgment based solely upon a favorable finding and decision by the CFTC, *In re Chicago Mercantile Exchange*, CFTC Docket No. 75–8. For the reasons stated in this memorandum opinion and order the motion is granted.

In this old and complex case, Exchange has made a simple request: It asks this Court to regard as conclusive the holding of the CFTC that the Exchange did not violate the Act. Unfortunately, given the somewhat opaque mandate of the Supreme Court, the answer is not quite as simple as the request.

In its opinion, the Supreme Court analogized this case to its prior opinion in *Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973), and characterized *Ricci* as holding that (414 U.S. at 115, 94 S.Ct. at 467, emphasis added):

> the court, *although retaining final authority to interpret the CEA and its relationship to antitrust laws*, should avail itself of the abilities of the Commission to unravel the intricate and technical facts of the commodity industry *and to arrive at some judgment as to whether the Exchange had conducted itself in compliance with the law.*

Here there is no need, as in *Ricci*, to accommodate "the antitrust and the regulatory regime"; the CEA itself poses the ultimate question for this Court. This Court is also mindful that the Supreme Court also referred to the court's "retaining final authority to interpret the CEA."

In somewhat the same tenor, the Supreme Court determined that (414 U.S. at 115, 94 S.Ct. at 467, emphasis added):

> the *Deaktor* plaintiffs, who also alleged violations of the CEA and the rules of the Exchange, should be routed *in the first instance* to the agency whose administrative functions appear to encompass adjudication of the kind of substantive claims made against the Exchange in this case.

However, the fact remains that in litigation in which Deaktor was a party (having been granted leave to intervene by the CFTC) the Exchange has been determined *not* to have violated CEA § 5a(8)—the only issue raised in this action as to the Exchange. That decision could have been but was not appealed to the Court of Appeals under the CEA, 7 U.S.C. §§ 8, 9. It thus became a final decision.

Deaktor should not be entitled to relitigate either the factual or the legal issues determined by the CFTC under the fundamental principles of collateral estoppel expressed by the Restatement (Second) of the Law of Judgments § 68 (Tent.Draft. No. 4, 1977):

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action

between the parties, whether on the same or a different claim.

And even if that were not the case as to the issue of *law*, it is unquestionably so as to the issues of *fact*.

Under the circumstances, mindful of the weight to be given the CFTC's expertise (made plain by the Supreme Court in both *Ricci* and *Deaktor*), this Court concurs in its construction of the CEA. In so doing, it follows the approach and the principles exemplified by *Lagorio v. Board of Trade of City of Chicago,* 529 F.2d 1290 (7th Cir. 1976).[1]

### Conclusion

This Court finds that there is no genuine issue of any material fact bearing on the liability of the Exchange and that it is entitled to a judgment as a matter of law. Because our Court of Appeals strongly discourages piecemeal reviews by requiring statements of specific ,reasons supporting the necessity for an immediate appeal (see *Great American Trading Corp. v. I. C. P. Cocoa, Inc.,* 629 F.2d 1282, 1286 (7th Cir. 1980), no finding will be made under Fed.R. Civ.P. 54(b).

---

1. This holding is alternative to, and independent of, the collateral estoppel effect on the issue of *law*.