THIGPEN, Judge.
This case arises from a determination of the State Health Planning Agency (SHPA).
Two separate proceedings were consolidated by the Circuit Court of Montgomery County. They involved first, purported appeals pursuant to the Alabama Administrative Procedure Act (APA) by the Alabama Association of Home Health Agencies (AA-HHA) and the West Alabama Home Health Agency (West Alabama) following a SHPA ruling on a petition for a declaratory ruling filed by ABC Home Health and Hospice of Alabama, Inc. (ABC of Alabama), and second, an original action for an injunction commenced in August 1988 by AAHHA and West Alabama against ABC of Alabama and Home Health of Jefferson County, Inc. (Home Health), pursuant to the authority of Ala.Code 1975, § 22-21-276(a).
The facts of the case are cumbersome; nevertheless, the essence concerns the validity and scope of the legal authority to furnish home health services in certain Alabama counties by ABC of Alabama and by Home Health. By agreement of the parties, the trial court did not receive oral testimony, but did receive evidence by deposition, documentary exhibits, and the record of proceedings before the SHPA. The record reveals that in 1985, ABC of Alabama purchased the assets of Shelby County Health Care Services of Alabama, Inc. (Shelby), which was bankrupt. Included in the assets was Shelby’s grandfathered authority to render home health services in certain Alabama counties, namely Bibb, Chilton, Jefferson, Shelby, St. Clair, and Talladega. ABC Home Health of Alabama, Inc. (ABC Home Health), a subsidiary of ABC of Alabama, commenced business in the six counties and continues to serve at the present time. SHPA had initially determined that the acquisition of Shelby’s operating authority by ABC of Alabama would not require a certificate of need (CON), provided that ABC of Alabama did not exceed the scope of the services rendered by Shelby nor the geographic area in which those services were rendered. In 1986, ABC of Alabama and Flowers Hospital, Inc. (Flowers), purchased the assets of four bankrupt home health care agencies, namely Mobile Home Health Care, Inc., Home Health-Home Care, Inc., Wiregrass Home Health Agency, Inc., and Metro Home Health Agency, Inc. (Metro). The assets of these bankrupt corporations included grandfathered authority to furnish home health services in several counties including the counties of Shelby, Jefferson, St. Clair, Cullman, Walker, Blount, and Tuscaloosa. There is some conflict whether operating authority in Bibb County was also included inasmuch as the original invitation to bid before the bankruptcy court included Bibb County and the now-bankrupt Metro deemed Bibb County to be within its service area.
In 1987, ABC of Alabama and Flowers agreed to divide the territories, leaving ABC of Alabama with operating authority in the counties north of Highway 80. ABC of Alabama continued operation in these counties after approval of the bankruptcy *1029 purchase in 1986, pursuant to the “grandfathered” authority of Metro that it had purchased through the bankruptcy proceedings. In 1987, Home Health incorporated in Georgia as another subsidiary of ABC of Alabama, qualified with the Secretary of State to conduct business in Alabama, and began serving patients in its name. A dispute with the Bureau of Licensure and Certification ensued over Home Health’s desire to obtain a Medicaid/Medicare provider number, since the Bureau was unsure regarding the source of Home Health’s operating authority. Thereafter, Home Health transferred its patients back to ABC of Alabama and did not again operate until after the appeal of SHPA’s decision.
In March 1988, ABC of Alabama filed a petition for a declaratory ruling with SHPA, pursuant to Ala.Code 1975, § 41-22-11. ABC of Alabama’s petition recited that it had acquired a CON to offer home health services in Jefferson, St. Clair, Shelby, Bibb, Chilton, and Talladega Counties, having been “grandfathered-in” by its purchase of assets by Shelby, and had acquired a second CON to offer home health services in Jefferson, St. Clair, Shelby, Bibb, Blount, Cullman, Walker, and Tuscaloosa Counties, having been “grandfathered-in” by virtue of purchasing the assets and territories of Metro. The thrust of the petition was that ABC of Alabama held two CONs which overlapped to the extent that both included Jefferson, St. Clair, Shelby, and Bibb Counties, and that it desired to realign the counties so that one CON would consist of all ten counties, while the second CON would consist only of Jefferson, St. Clair, Shelby, and Bibb Counties. ABC of Alabama also indicated a desire to “sell its assets” in the counties of Jefferson, St. Clair, Shelby, ánd Bibb, to eliminate the existing overlap between the two CONs.
A hearing was conducted before the CON Review Board (Board). There, ABC of Alabama contended that it had acquired “grandfather authority” in six counties as part of its purchase of the assets of Shelby, and had separately acquired grandfather authority in eight counties as part of the purchase of Metro; and that four of the counties acquired, namely Jefferson, St. Clair, Shelby, and Bibb, “overlapped”, i.e., that they were common to the operating authority of both Shelby and Metro. ABC of Alabama intended to transfer the authority in the four-county area to Home Health, a subsidiary of ABC of Alabama, and eventually to sell the assets of that company including the realigned authority. This action was opposed both orally and in writing by AAHHA and West Alabama; however, neither entity sought leave to intervene nor were they made parties in the declaratory ruling proceedings.
After hearing the petitions and arguments of the parties, the Board concluded that the proposed realignment would not constitute a “new institutional health service” and that such realignment did not require review or a new CON. The Board subsequently issued its written ruling to that effect in April 1988. Thereafter, AA-HHA and West Alabama filed a petition for declaratory ruling seeking SHPA’s pronouncement that ABC of Alabama could not lawfully carry out its proposed plan or any plan to sell the operating authority which it allegedly acquired to conduct the business of a home health agency in Jefferson, St. Clair, Shelby, and Bibb Counties. Additionally, they requested an order clarifying whether the Board intended to authorize ABC of Alabama to sell or otherwise transfer its operating authority in the four counties to any other person or entity in some future transaction. The Board concluded that it would be inappropriate to consider “the legality of some hypothetical transfer” that ABC of Alabama may wish to make in the future and declined to rule. The Board did note that its order in April “did not authorize such a sale or transfer.” Thereafter, AAHHA and West Alabama purported to file an appeal of SHPA’s ruling relating to the realignment of the CONs to the trial court. They also commenced a separate action pursuant to Ala. Code 1975, § 22-21-276(a), seeking injunc-tive relief against ABC of Alabama’s transfer of authority to Home Health and Home Health’s operations. The trial court ultimately ruled against AAHHA and West *1030 Alabama in both cases, dismissing the appeal and denying injunctive relief. AA-HHA now appeals.
The appellants assert that the trial court erred in denying injunctive relief to prohibit Home Health from continuing to treat patients and otherwise conducting business without first obtaining a CON, and that the trial court erred in affirming SHPA’s ruling to the effect that ABC of Alabama acquired authority to operate a home health agency in Bibb County, and that this was not supported by the evidence. The appellees, on the other hand, assert that AAHHA has no standing to appeal the ruling of SHPA or to invoke Ala.Code 1975, § 22-21-276(a), and is barred by the doctrine of primary jurisdiction. Further, the appellees contend that the appellants are not entitled to prevail on the merits of either action.
At the outset, the trial court was confronted with two distinct cases: 1) a purported appeal of SHPA’s ruling on a petition for declaratory ruling filed by ABC of Alabama, and 2) an original action for in-junctive relief requested by AAHHA and West Alabama against ABC of Alabama for an alleged violation of the CON statutes, i.e., Ala.Code 1975, §§ 22-21-260, et seq.
We consider first the purported appeal of SHPA’s declaratory ruling. Although the appellants were allowed to appear, argue, and present their objections at the administrative hearing, nevertheless, the appellants neither sought nor obtained leave to intervene as parties in the proceeding. Moreover, by statute, such a declaratory ruling is binding only “on the agency, and the person requesting it, unless it is altered or set aside by a court in a proper proceeding.” Ala.Code 1975, § 41-22-11(b). As the statute currently stands, a petition for declaratory ruling is not considered a “contested case” under the APA; however, we note that the Tennessee statute, after which Alabama’s statute ’ was modeled, has been amended to define a “contested case” to include a petition for declaratory ruling and requires the agency to convene a “contested case” upon the filing of such a petition. See Tenn.Code Ann. §§ 4-5-102, et seq. (1982). Our statute has not been so amended, even though such cases are often challenged. In this case, neither ABC of Alabama nor SHPA sought an appeal. There is no provision in the APA or in the statutes pertaining to SHPA for non-parties to appeal a declaratory ruling; accordingly, the trial court properly denied relief with regard to,the purported appeal of the agency’s administrative ruling. Its dismissal of the appeal is due to be affirmed.
Next we consider the denial of in-junctive relief sought pursuant to Ala.Code 1975, § 22-21-276(a). We note that while procedurally, the two actions are different, nevertheless, the legal issue involved is basically the same. The appellants sought to enjoin Home Health operations until it applied for and received a CON. ABC of Alabama contended that as a wholly-owned subsidiary, Home Health was entitled to operate under the “grandfathered” authority of its principal, ABC of Alabama, and its predecessor.
Regardless of the issue of standing, we find that the trial court was warranted in declining to exercise jurisdiction under the doctrine of “primary jurisdiction.” Our Supreme Court in Fraternal Order of Police, Strawberry Lodge #40 v. Entrekin, 294 Ala. 201, 210, 314 So.2d 663, 671 (Ala.1975), considered and discussed the doctrine of primary jurisdiction as follows:
“ ‘The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and the administrative agencies charged with particular regulatory duties. “Exhaustion” applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. “Primary jurisdiction," on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been *1031 placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. * * *’ United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (emphasis added).
[[Image here]]
“ ‘[3] One of the aims of the doctrine is to ensure uniformity and consistency in dealing with matters entrusted to an administrative body. Texas & Pacific Railroad Co. v. Abiline Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. Another factor which must be considered is whether referral to an agency is preferable because of its specialized knowledge or expertise in dealing with the matter in controversy. Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. See also United States v. Western Pacific Railroad Co., supra; United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408. Still another is whether initial review of the controversy by the administrative body will either assist a court in its adjudicatory function or perhaps alleviate entirely the need for resort to judicial relief. Chicago Merchantile Exchange v. Deaktor, 414 U.S. 113, 94 S.Ct. 466, 38 L.Ed.2d 344; Ricci v. Chicago Merchantile Exchange, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525, reh. denied, 410 U.S. 960, 93 S.Ct. 1411, 35 L.Ed.2d 697. This latter factor indicates it is preferable to obtain the views of the administrative body concerning the statutes or rules with which it must work and how those statutes should be applied to the controversy at hand. See Miron, Primary Jurisdiction, 43 Antitrust L.J., A.B.A., Issue No. 2, p. 329.
“ '[4, 5] We hold today that when a court and an administrative agency have concurrent jurisdiction over a controversy, the court may decline judicial relief pending administrative review when the court finds that administrative review of the controversy will promote uniformity and consistency in the application of the pertinent statutes, rules and regulations; agency expertise is required, and initial agency review will materially assist the court upon later review. In stating this rule we use a conjunctive form of expression. This should not be taken as demanding that all of the determinative factors be present simultaneously. Where one or more of the factors are present it is for the court to weigh the need of initial agency review against the right and need of the parties to immediate judicial determination. In ruling on such questions, a trial court should make known those factors considered in deciding whether to decline immediate judicial relief or not.’ ”
294 Ala. at 210-211, 314 So.2d 663 at 671-672.
The parties agree that SHPA is the administrative agency charged by law with administering the Alabama’s CON program. Additionally, the appellants’ brief identifies issues directly relating to the substance of the CON statutes and SHPA’s regulations, including the manner in which SHPA interprets and applies the law and its rules. Some of the arguments raised to the trial court and now on appeal are best addressed in the first instance to SHPA itself, the agency with the expertise in this area. While some of the issues argued by the appellants were advanced to SHPA, others were not, although they were noted in the pleadings. More importantly, the issue of whether ABC of Alabama, once realigned, could sell the assets of Home Health, including transferring operating authority to some third party, was not addressed by SHPA. Further, the issue of whether Home Health is required to obtain a different CON and whether Bibb County is within the home health service area was an issue not adequately presented or argued to the agency.
SHPA is clearly the preferable forum in which to obtain administrative determinations on those matters. Thus, while the trial court may have technically had jurisdiction to entertain this case, it should have deferred, at the outset, to SHPA, the agency which, by law, administers the CON *1032 program so as to allow SHPA to confront the issues argued to the trial court for a decision. While a reading of the trial court’s order does not reveal the exact basis for its decision, a correct decision by a trial court “will not be disturbed even if the court gives the wrong reasons.” Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 642 (Ala.1990).
Accordingly, utilizing the doctrine of primary jurisdiction, the trial court in this case was warranted in declining to exercise further jurisdiction. Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.