THOMPSON, Judge,
dissenting.
This court reviews the judgment of the trial court ‘ “ hvithout any presumption of correctness, since [that] court was in no better position to review the order of the Board than we are.’ ” ’ Nursing Home of Dothan, Inc. v. Alabama State Health Planning & Development Agency, 542 So.2d 935, 938 (Ala.Civ.App. 1988) (quoting Regional Dialysis of Anniston v. Northeast Alabama Kidney Clinic, Inc., 480 So.2d 1226, 1227 (Ala.Civ.App.), cert. denied, 480 So.2d 1229 (Ala. 1985)). Because I conclude that SHPDA continues to have jurisdiction over this contested case, and no final order has been entered, I would reverse the judgment of the trial court and remand the cause for a ruling by the Certificate of Need Review Board.
I find that the letter filed by Hillhaven constituted a timely exception to the proposed order of the administrative law judge, and therefore conclude that the proposed order did not become a final order by operation of law. In its order affirming the proposed order of the ALJ, the trial court characterized the Hillhaven letter as a “response to a ‘staff report.’ ” Although the letter did address issues raised in a certain staff report, the second paragraph lodged articulate and specific objections to the ALJ’s proposed order in the present case, as follows:
“In addition, the report is especially moot and irrelevant in light of this and the other batched projects having been presented to an Administrative Hearing Officer who has now issued a Recommended Order. In that proceeding, several of the other applicants for nursing home beds in Madison County combined to alter their applications, costs, projections, and submitted proposals for new facilities which are significantly smaller than the ones represented in their original applications. As a result, their costs per unit changed dramatically and in some cases left my client, Hillhaven, in a comparatively improved cost-effective position. These several applicants performed these belated revisions as part of a concerted effort to defeat my and other applicants’ proposals and in a manner at odds with the State Health Plan. Yet, the Hearing Officer signed their proposed recommendation. We intend to vigorously contest the recommendation.”
This letter clearly challenged the eviden-tiary grounds for the proposed order.
In addition, I do not find that Ala.Code 1975, § 41-22-16(a)(2), has the effect of depriving SHPDA of jurisdiction over a case when it fails to rule on a proposed order within the 30-day period provided in the statute. The certificate-of-need program is administered to “assure that only those health care services and facilities found to be in the public interest [are] offered or developed in the state.” Ala. *332 Code 1975, § 22-21-261. Section 41-22-16(a)(2) does not set forth a specific sanction or consequence in the event that a CONRB fails to rule on a proposed order within the required time. When the statute prescribes no sanction for failure to comply with the 30-day time limit, it seems illogical to interpret the statute to impose the drastic sanction of depriving the CONRB of jurisdiction in a complex and protracted contested case.
Moreover, the issue whether SHPDA has lost jurisdiction of this application pursuant to Ala.Code 1975, § 41~22-16(a)(2), because of its failure to rule on the proposed order within 30 days has never been ruled on by SHPDA, because this issue was never raised before the board. This court has held that in cases when a- trial court and an administrative agency have concurrent jurisdiction over a controversy, the trial court should decline jurisdiction, in order to defer to the agency that possesses specialized expertise in administering the law in question. See Alabama Ass’n of Home Health Agencies v. ABC Home Health & Hospice of Alabama, Inc., 601 So.2d 1027 (Ala.Civ.App.1992). I believe this precedent should be followed in the present case.