On July 18, 1983, Regional Dialysis of Anniston (Regional) submitted an application for a Certificate of Need (CON) to the State Health Planning and Development Agency (SHPDA) for seven additional dialysis stations. Regional's medical director, Dr. David Zinn, submitted his resignation October 17, 1983. Four days later, he made application in the name of Northeast Alabama Kidney Clinic (Northeast) for a free-standing ten-station dialysis facility. A public hearing was held before SHPDA on January 10, 1984, and both CON's were approved.
On February 3, 1984, the SHPDA board was abolished by the Governor, and the Certificate of Need Review Board (Board) was created in its place. This Board follows the same rules and regulations as the old board. A few days later, a motion for reconsideration of the approval of Northeast's application was filed by Regional. The next day, Northeast filed a similar motion against Regional's approved application. Both motions were heard on May 17, 1984. The Board refused to reconsider Regional's approved application, thereby affirming the agency's prior decision. However, the Board found that evidence of "good cause" for reconsideration was shown by Regional on Northeast's approved application. A new hearing on that application was granted. Witnesses for Regional testified that the Northeast clinic would have a detrimental effect on Regional's occupancy rate. The Board voted to deny Northeast's CON on the grounds that less costly alternatives were available.
Northeast requested a fair hearing review of the Board's decision against its application, and the Board's decision in favor of Regional. After taking testimony, the fair hearing officer affirmed both Board decisions. Northeast appealed to the Calhoun County Circuit Court. Regional was permitted to intervene in that appeal. The circuit court held that the reconsideration request on Northeast's application for a CON had been erroneously granted and that, in any event, the evidence presented at the reconsideration hearing was insufficient to deny Northeast's application. Hence, Regional brings this appeal.
Regional contends that the reconsideration request was properly granted by the Board.
Our review of administrative cases begun after October 1, 1983, is governed by the Administrative Procedure Act. §41-22-27 (e), Code of Alabama 1975. Northeast filed its application on October 21, 1983. This case is treated as an "appeal" taken as in other civil cases. § 41-22-21, Code of Alabama 1975. We review to determine whether, from the record, there was a proper finding of facts and whether under the Administrative Procedure Act, the law was properly applied to those facts. We review the circuit court judgment without any presumption of correctness, since the court was in no better position to review the order of the Board than we are. VannExpress, Inc. v. Bee Line Express, Inc., 347 So.2d 1353 (Ala. 1977).
Appeals from a decision of a State agency are conducted in this case pursuant to the Administrative Procedure Act. §22-21-275, *Page 1228 
Code 1975. The circuit court's standard of review is set out in the Administrative Procedure Act. § 41-22-20 (k), Code 1975. Reversal or modification of an agency decision is permissible if the agency action is:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
Northeast claimed and the circuit court held specifically that the agency had violated its own "pertinent" rule on reconsideration requests. Rule 410-1-7-.01 (22)(b)(2) of the Board sets out the procedure for reconsideration of its decisions as follows:
 "Basis for Request. The basis of requesting a reconsideration hearing shall be restricted to written presentation of evidence of `good cause shown' which shall be limited to the following:
 "Presentation of significant, relevant information
not previously considered by the State Agency; or
 "Demonstration that there have been significant changes in factors or circumstances relied upon by the State Agency in reaching its decision; or
 "Demonstration that the State Agency has materially failed to follow its adopted procedures in reaching its decision; or
 "Provides such other basis for a public hearing as the State Agency determines constitutes good cause. `Other basis' may be determined on a case by case basis."
The request for reconsideration filed by Regional against Northeast was in the form of a letter. The letter alleged that the agency had failed to follow its adopted procedures. In support of this allegation, Regional cited the substantive
review criteria (rather than procedures) of § 22-21-266 (2), Code 1975, and the SHPDA rules which are also review criteria. Northeast contends this letter falls short of what is required in order for the Board to grant a reconsideration. The SHPDA rules require "written presentation of evidence." While administrative agencies have not previously been restricted to the legal rules of evidence used in courts of law, Estes v.Board of Funeral Services, 409 So.2d 803 (Ala. 1982), the Administrative Procedure Act specifically provides that the rules of evidence are to be followed in contested cases. §41-22-13, Code 1975. The letter in this case did not contain any evidence. There were no affidavits, depositions or documents supporting Regional's allegations. As such, Regional did not show "good cause" for its reconsideration request. Its charge of "failure to follow adopted procedures," was not supported by citation of any procedural misstep by the agency.
Regional argues that its request should be allowed under subsection (iv) ("other basis") and that new evidence should not be required there. However, the purpose of a reconsideration hearing is expressed in Rule410-1-7-.01 (22)(b)(8):
 "8. Substance of Reconsideration Hearing. The primary purpose of the Reconsideration Hearing is to consider new evidence defined as `good cause shown' along with the data and information considered in reaching the original decision. The Hearing will be informal. Testimony may be presented by the proponent, the Health Systems Agency, the person requesting the hearing, and any other person having an interest in the proposal."
To construe subsection (iv) as Regional would have us do would be to ignore the purpose of such a reconsideration hearing and frustrate the finality of agency decisions. *Page 1229 
The circuit court properly applied the law to the facts in this case. The request for reconsideration was improperly granted. This holding makes it unnecessary for us to decide other issues presented as to error committed during the reconsideration hearing.
This case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.