HOLMES, Judge.
This is a case arising under the statutes and regulations governing the State Health Planning and Development Agency (SHPDA).
In early 1984, Homebound Health Care Agency (Homebound) filed an application with SHPDA for a certificate of need (CON) for the establishment of a home health agency which would offer services through health care facilities in four north Alabama cities. On July 10, 1984, following a hearing, SHPDA’s CON Review Board denied Homebound’s CON application.
Subsequently, however, Homebound requested and was granted a reconsideration hearing with respect to the CON. Following the reconsideration hearing, SHPDA, acting through the CON Review Board, granted the CON to Homebound.
Three opponents of the Homebound CON then filed suit in the Circuit Court of Montgomery County, challenging SHPDA’s granting of the CON on several grounds.
The circuit court held that SHPDA had failed to follow its own procedures when it granted Homebound’s request for a reconsideration hearing, and it entered a judgment reversing the granting of the CON to Homebound.
From this adverse judgment, Home-bound appeals. We agree with the holding of the circuit court and affirm.
Pursuant to the Alabama Administrative Procedure Act, Ala.Code (1975), §§ 41-22-1 through -27, SHPDA, as most state agencies, has promulgated rules and regulations governing much of its operations. Such rules include those which set forth procedural requirements for requesting a reconsideration hearing of a SHPDA decision.
SHPDA’s Rule 410-1-7-.01(22)(b)(1) and (3) provide that any person may, “for good cause shown,” request a reconsideration hearing within thirty days following the date of SHPDA’s final decision. Rule 410-1-7-.01(22)(b)(2) provides:
“Basis for Request. The basis of requesting a reconsideration hearing shall be restricted to written presentation of evidence of ‘good cause shown’ which shall be limited to the following:
“(i) Presentation of significant, relevant information not previously considered by the State Agency; or “(ii) Demonstration that there have been significant changes in factors or circumstances relied upon by the State Agency in reaching its decision; or “(iii) Demonstration that the State Agency has materially failed to follow its adopted procedures in reaching its decision; or
“(iv) Provides such other basis for a public hearing as the State • Agency determines constitutes good cause. ‘Other basis’ may be determined on a case by case basis.”
Applying this rule to the present case, as the circuit court did, it is quite apparent that Homebound did not meet the rule’s requirement that it make a “written pre *642 sentation of evidence of ‘good cause shown,’ ” Rule 410-1-7-.01(22)(b)(2), within thirty days following the July 10, 1984, denial of the CON. Rule 410-1-7-.01(22)(b)(3).
The record shows that on August 7, 1984, within the thirty-day time limit for requesting a reconsideration hearing, counsel for Homebound wrote a letter to SHPDA requesting a reconsideration. The letter stated, in part:
“The basis for this request is to allow the applicant to present significant and relevant information which was not previously considered by the State Agency and which is being presently compiled by the applicant at the suggestion of the Board. In particular, the Board stated to the applicant that, in order for its application for a Homebound Healthcare Agency to be approved, the applicant should show to the Board members specific cases in which patients in the proposed service area are not being adequately and properly served by existing home health services or agencies. Based on this, the applicant has been, and continues to be, in the process of compiling such significant and relevant information as has been requested by the Board itself. Therefore, in order to present such information, a reconsideration hearing is required.”
Two days later, on August 9, 1984, counsel for Homebound again wrote SHPDA concerning the reconsideration request and gave a more detailed explanation of what evidence Homebound planned to present on reconsideration. The August 9 letter stated, in part:
“There is new and relevant information which can, and, respectfully, should be presented to the Board members, regarding the inadequacy of the existing service which is being currently provided by the home health agencies in the proposed service area. Additionally, there are specific cases, as referred to in our August 7, 1984, letter, in which patients in the proposed service area have not been adequately or appropriately treated and served by the existing home health services or agencies. We expect the scope of the new and additional information to center around the inadequacies of the existing services, a matter which was not addressed at the July 10 hearing. While the applicant chose to primarily address only the positive aspects of its own application, rather than making comparisons and contrasts to existing facilities, it is now clear that the Board is interested in such a comparison and the applicant is prepared to move forward and meet such request with evidence and testimony.”
Though counsel for Homebound provided SHPDA in these letters with a fairly clear explanation of what evidence Homebound planned to present later if a reconsideration hearing were granted, counsel did not provide SHPDA with any such written evidence with the letters to establish a basis for granting the reconsideration, as required by Rule 410-1-7-.01(22)(b)(2). No such evidence was apparently provided to SHPDA until October 1984, after the thirty-day time limit had run for requesting a reconsideration by making a written presentation of evidence of good cause.
In Regional Dialysis v. Northeast Alabama Kidney Clinic, Inc., 480 So.2d 1226 (Ala.Civ.App.), cert. denied, 480 So.2d 1229 (Ala.1985), this court was presented with a situation quite similar to that now before us. In that case a CON was granted to Northeast Alabama Kidney Clinic for a dialysis facility. Regional Dialysis filed a motion for a reconsideration of the approval of the CON. SHPDA’s CON Review Board granted the reconsideration, as it did in the present case, and on reconsideration reversed its decision and denied Northeast’s CON.
Affirming the circuit court in Regional Dialysis, this court held that SHPDA had erroneously granted the reconsideration hearing requested by Regional Dialysis. Regional’s request had been in the form of a letter, which alleged that SHPDA had failed to follow its procedures and cited certain SHPDA statutes and rules relating *643 to substantive review criteria, rather than procedure.
This court, speaking through our Presiding Judge Wright, found that Regional’s letter did not contain any evidence, such as affidavits, depositions, or documents, which supported its allegations. Therefore, we held that “Regional did not show ‘good cause’ for its reconsideration request,” as required by Rule 410-1-7-.01(22)(b)(2) and that SHPDA had improperly granted the reconsideration request. Regional Dialysis, 480 So.2d at 1228.
The Regional Dialysis case requires our affirmance in the instant case. As in Regional Dialysis, Homebound’s request for a reconsideration was in the form of a letter which made allegations unsupported by any evidence, whether in the form of affidavits, depositions, or documents. Such evidence is required by Rule 410-1-7-.01(22)(b)(2), and SHPDA violated this rule when it granted Homebound’s request for reconsideration.
This case is due to be, and it is, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.