[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 937 
This case involves the denial of a proposed amendment to the State Health Plan (SHP) requested by the Nursing Home of Dothan, Inc. (Dothan) and a subsequent denial of a Certificate of Need (CON) application also made by Dothan.
Dothan initially filed a CON application with the State Health Planning Agency (SHPA) to build a 110-bed nursing home in Houston County, Alabama. SHPA informed Dothan that the SHP failed to indicate a need for additional beds. Consequently, SHPA advised Dothan to first seek an amendment to the SHP and then to proceed with the CON approval process.
Dothan filed its proposed amendment to the SHP with the State Health Coordinating Council, which approved Dothan's request for the additional nursing home beds. However, pursuant to section 22-21-260, Code 1975, the amendment required the Governor's approval before becoming effective. The SHP requires that the Governor respond within fifteen days.
The Governor's response to the proposed amendment came on the fifteenth day and was as follows:
 "I regret that I am unable to approve the proposed plan adjustment request. My staff and I have reviewed the matter and believe it is not in the best interest of the State to approve additional nursing home beds at this time."
Additionally, Dothan continued to seek approval of its CON application and presented evidence supporting its request at a hearing before the CON Review Board. At the hearing, Dothan's CON application was disapproved on these grounds: (1) the request was inconsistent with the SHP; (2) the request was not the least costly available alternative; and (3) no evidence was presented to indicate any threat to public health absent the approval.
Following the CON denial, Dothan received an administrative hearing before a fair hearing officer, who affirmed the Board's findings. Dothan then appealed the final order of SHPA to Montgomery County Circuit Court pursuant to section 41-22-20, Code 1975, and the court entered an order affirming the SHPA decision. Dothan appeals.
Pursuant to section 41-22-20(b), Code 1975 (1986 Cum.Supp.), "[e]xcept in matters for which judicial review is otherwise provided for by law," the provisions of the Alabama Administrative Procedure Act govern judicial review of agency decisions. Although SHPA operates pursuant to an agency-specific statute (§§ 22-21-260 through -277, Code 1975), that statute *Page 938 
does not set forth a specific standard of review to be applied in SHPA cases.
Consequently:
 "We review to determine whether, from the record, there was a proper finding of facts and whether under the Administrative Procedure Act, the law was properly applied to those facts. We review the circuit court judgment without any presumption of correctness, since the court was in no better position to review the order of the Board than we are."
Regional Dialysis v. Northeast Alabama Kidney Clinic, Inc.,480 So.2d 1226 (Ala.Civ.App.), cert. denied, 480 So.2d 1229
(Ala. 1985) (citation omitted).
Dothan initially alleges that the Agency's denial of Dothan's CON application due to inconsistency with the SHP was incorrect. Dothan contends that its proposed amendment was effective as the Governor failed to disapprove the proposal as required by section 22-21-260(4), Code 1975.
We disagree.
The Governor clearly stated that he was "unable to approve" the proposal. We find this adequately conveys disapproval as required by section 22-21-260(4). Dothan further maintains, however, that the Governor's response was ineffective as it failed to comply with 42 U.S.C. § 300m-3(c)(2)(C) (1982) (repealed effective January 1, 1987, but still applicable at the time of this case), which required that, upon disapproval of a proposed state health plan, the Governor "make public a detailed statement of the basis for the determination that the plan does not meet such needs [i.e. the state's health needs] and shall specify the changes in the plan which the Governor determines are needed to meet such needs."
At the outset, we find that the Governor's letter disapproving the proposal did comply with this statutory mandate. The Governor stated that the State Medicaid Agency was not in a position financially to fund the requested additional beds. We believe that this adequately conveys his basis for denying the proposal.
Dothan additionally maintains that the Governor's letter reflects a consideration of unlawful grounds for rejecting the amendment. Dothan then cites several cases which it contends stand for the proposition that a lack of money cannot excuse a state from funding its medicaid program.
We have examined these cases and find that they do not prohibit a state from making cost a consideration when it adopts a plan. In fact, the fifth circuit, in interpretingAlabama Nursing Home Association v. Harris, 617 F.2d 388 (5th Cir. 1980), said that states could consider "cost efficiency in adopting reimbursement plans." Mississippi HospitalAssociation, Inc. v. Heckler, 701 F.2d 511 (5th Cir. 1983).
In other words, when a state is confronted with deciding whether it will offer a certain service, it is proper to make cost a consideration. Thus, we find no error in the Governor's disapproval of the proposal to provide additional beds based on a lack of adequate funds. Dothan was not being denied payment for care already provided pursuant to the SHP; instead, it was seeking approval to extend additional services. In such cases, the state may make cost a factor in deciding whether to grant the request to provide the new services.
Notwithstanding our conclusion that the Governor's letter was an adequate disapproval of the proposal, we believe that the requirements of 42 U.S.C. § 300m-3(c)(2)(C), apply to entire state plans under submission for approval, not proposed amendments to already existing plans. A SHP had already been approved by the Governor as adequately meeting State health needs, and disapproval of a subsequent amendment to that plan simply reflected an opinion that no changes are necessary. Consequently, any alleged inadequacies in the Governor's disapproval, based on 42 U.S.C. § 300m-3(c)(2)(C) are irrelevant.
We now turn to Dothan's contention that the Agency improperly denied its CON application. Pursuant to section 22-21-266, Code 1975:
 "No certificate of need for new inpatient facilities or services shall be issued *Page 939 
unless the SHPDA makes each of the following findings:
 "(1) That the proposed facility or service is consistent with the latest approved revision of the appropriate state plan effective at the time the application was received by the state agency;
 "(2) That less costly, more efficient or more appropriate alternatives to such inpatient service are not available, and that the development of such alternatives has been studied and found not practicable;
 "(3) That existing inpatient facilities providing inpatient services similar to those proposed are being used in an appropriate and efficient manner consistent with community demands for services;
 "(4) That in the case of new construction, alternatives to new construction (e.g., modernization and sharing arrangement) have been considered and have been implemented to the maximum extent practicable; and
 "(5) That patients will experience serious problems in obtaining inpatient care of the type proposed in the absence of the proposed new service."
In short, if the SHPA is unable to make any one of these findings, then the CON cannot be issued. § 22-21-266 (Code 1975). As previously discussed, the Governor disapproved Dothan's proposed amendment to the SHP which sought to increase the number of long-term care beds available.
At the time of Dothan's application, the SHP did not provide for 110 more beds. It indicated a need for only thirty-six more beds. Consequently, the CON was properly denied pursuant to section 22-21-266(1), Code 1975. Because all five findings must be shown for a CON to issue, the Agency could properly deny the application solely for its failure to comply with section22-21-266(1), Code 1975. Therefore, we pretermit discussion concerning the additional requirements of section 22-21-266, Code 1975.
Absent a showing that an Agency decision was unsupported by substantial evidence, that it was unreasonable or arbitrary, or that the Agency acted outside its authority, its determination may not be reversed. Ferlisi v. Alabama Medicaid Agency,481 So.2d 400 (Ala.Civ.App. 1985); § 41-22-20(k), Code 1975 (1986 Cum.Supp.). Substantial evidence demonstrates that the CON application was inconsistent with the SHP. Moreover, SHPA is charged with the responsibility of issuing certificates of need. § 22-21-266, Code 1975. Because the Agency acted within its authority and its decision is supported by substantial evidence, we cannot reverse the Agency's order.
Additionally, we would note that pursuant to 42 U.S.C. § 300m-6(a)(5)(B)(ii) (1982) (repealed effective January 1, 1987, but still applicable at the time of this case), projects inconsistent with an SHP can nevertheless be approved if emergency circumstances posing a threat to public health can be shown. Consequently, if Dothan established that without the additional beds there was a threat to public health, the proposal should have been adopted.
The Agency's order specifically included a finding that no such threat existed. We have examined the record and also fail to find any evidence to support an allegation of a threat to public health.
Finally, Dothan argues that the Agency failed to comply with section 41-22-16(b), Code 1975 (1986 Cum.Supp.), in that its order only "tracked" the statutory language and failed to address the issues proposed by Dothan. Neither of these arguments was presented by Dothan prior to this appeal. It is well settled that we do not consider issues raised for the first time on appeal. Green v. Taylor, 437 So.2d 1259
(Ala. 1983).
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 940