THIGPEN, Judge.
This is a consolidated appeal from the entry of summary judgment against Leo M. Gaines (Gaines) in favor of Colonial Bank (Colonial) and Jim Burke Automotive, Inc. (Burke).
Gaines testified that his sister-in-law, Lu-sha Johnson Bennett (Bennett) purchased an automobile from Burke. Bennett and Gaines executed an installment sales contract to Burke, and Gaines also executed a guaranty agreement wherein he agreed to guarantee the indebtedness of Bennett. This contract was later assigned to Colonial. Contemporaneously with executing the installment sales contract, Bennett applied for credit life, accident, and health insurance reflecting Colonial as primary beneficiary and Bennett’s estate as secondary beneficiary. The policy was issued, and the premium was financed with the vehicle.
The record reveals that, following several late payments and some months with no payments, Bennett sought the protection of bankruptcy pursuant to the United States Code in July 1987. Following a dismissal for default in September 1987, Bennett filed another petition in November 1987, from which Colonial received some payments. Shortly thereafter, Colonial declared the sales installment agreement to be in default, accelerated the note, rebated unearned interest and unearned premiums to the account, and filed proof of claim in the bankruptcy proceeding. After Colonial received some payments from the bankruptcy court, Bennett died in February 1989 and her bankruptcy petition was subsequently dismissed in August 1989. Upon receiving notice of the dismissal, Colonial made demand upon Gaines for the balance due in accordance with the contract.
*738 In May 1990, Gaines filed an action in the Circuit Court of Jefferson County, Bessemer Division, against Burke and Colonial, alleging an unspecified cause of action in count one and fraud in count two. Subsequently, Colonial filed an action against Gaines in the Circuit Court of Jefferson County, Birmingham Division, alleging breach of contract and demanding payment of the balance due, together with interest and costs.
Following the filing of various motions, the two cases were consolidated for trial and discovery. Answers were filed and Gaines filed a counterclaim against Colonial and Burke, apparently claiming that Burke failed to inform the insurance company that Gaines was a co-obligor on the note and that when the note was declared in default, they failed to notify him that the life insurance coverage was being canceled. After filing its answer to the counterclaim, Colonial filed a motion for summary judgment as to the claims of Gaines and its own complaint for breach of contract. Gaines responded and in September 1992, the trial court entered summary judgment in favor of Colonial. Following the filing of a stipulation of facts submitted by Gaines and Burke, the trial court entered judgment in favor of Burke and against Gaines. It is from these proceedings that Gaines appeals.
Burke requests to be dismissed from this appeal since the notice of appeal of Gaines failed to include the judgment of the trial court in favor of Burke. The notice of appeal describes the judgment being appealed as “the final judgment of the trial court for Summary Judgment in favor of Colonial Bank and against Leo Gaines entered on the 22nd day of September, 1992 and filed with the Circuit Court of Jefferson County, Alabama on the 23rd day of September, 1992.” Burke correctly asserts that Rule 8(c), A.R.App.P. states that “[t]he notice of appeal shall specify the party or parties taking the appeal; [and] shall designate the judgment, order or part thereof appealed from....”
The test to determine whether an appellant has failed to comply with this rule is to ascertain “whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.” Edmondson v. Blakey, 341 So.2d 481, 483 (Ala.1976). While our Supreme Court has indicated that it may not be willing to go so far as to require the designation of each appellee in the notice of appeal, nevertheless, “fairness requires that some indication appear that an appeal has been taken to reverse a judgment rendered in favor of a prevailing party.” Edmondson at 484. The failure of Gaines to include Burke as a named appellee or to indicate by description, date, or other designation that the appeal was also from the order granting judgment in favor of Burke, compels us to conclude that there is nothing in the notice manifesting an intent to appeal from the judgment entered in favor of Burke. The motion to dismiss Burke from this appeal is, therefore, due to be, and it is hereby, granted.
While Gaines raises many issues on appeal, we find the dispositive issues to be whether the trial court erred in granting summary judgment against Gaines and in favor of Colonial, and in granting Colonial’s motion for summary judgment in its breach of contract claim against Gaines.
We note that a reviewing appellate court employs the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guaranty Insurance v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. ‘ Rule 56(c), A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Further, the moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984).
The original complaints in this action were filed after June 11, 1987; therefore, the substantial evidence rule applies. Ala.Code 1975, § 12-21-12. The abolishment of the scintilla rule did not change the procedure concerning the burden of proof. After the party moving for summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden of proof shifts to the non-moving party, who must show “substantial evidence” *739 in support of Ms position. Bass v. Southtrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989).
On appeal, Gaines argues that the trial court erred in failing to find him to be a third-party beneficiary to the credit life insurance policy that was purchased by Bennett and canceled following default. Neither the original complaint of Gaines, nor Ms answer and counterclaim to Colomal’s complaint, allege a contractual theory of recovery. The first inference to any contractual theory of recovery occurred after the trial court ruled in ColoMal’s favor. Gaines also attempts to argue that the cancellation of the credit life insurance was a violation of Ala.Code 1975, §§ 27-40-11 and 27-15-28; however, the record is devoid of any argument relating to these theories of recovery before the trial court. The primary theory of recovery asserted by Gaines is fraud. Issues not raised before the trial court may not be considered on appeal. Nursing Home of Dothan, Inc. v. SHPA, 542 So.2d 935 (Ala.Civ.App.1988), aff'd, 542 So.2d 940 (Ala.1989). Therefore, we will consider only the fraud theory.
Neither the pleadings nor the record establish any basis for a fraud claim against ColoMal. Although it is the contention of Gaines that ColoMal committed fraud in canceling the credit life insurance policy on Bennett, the stipulation of facts and pleadings indicate that ColoMal was not involved in procuring or canceling that policy. In order to establish fraud, Gaines must establish a false representation of a material fact that is justifiably relied upon by Gaines and causes Gaines damage or injury as a proximate resMt thereof. Harris v. M & S Toyota, Inc., 575 So.2d 74 (Ala.1991). The failure of Gaines to produce substantial evidence establishing that ColoMal made a false representation justified the trial court’s entry of summary judgment thereon.
Regarding ColoMal’s claim against Gaines, the stipulation of facts as adopted by Games establishes that Gaines entered into a valid and enforceable contract. In order to establish a valid enforceable contract, ColoMal was required to prove an agreement between two competent parties to perform a lawful act for valuable consideration and consent of both parties to the terms of the contract. Shirley v. Lin, 548 So.2d 1329 (Ala.1989). Gaines admits that he knowingly and voluntarily executed the installment sales contract as a co-obligor and the guaranty agreement as guarantor. He also acknowledged that he read and understood the agreements. His answer to the complaint was a general deMal; however, his deposition and stipMations of fact disclose that there was a valid contract, for a valuable consideration between competent parties, and there is no dispute regarding the breach. Accordingly, the trial court was correct in determiMng that Colonial was entitled, as a matter of law, to summary judgment against Gaines for breach of contract.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.