This is an appeal from the judgment of the trial court affirming the decision of the Alabama State Health Planning Department Agency, which granted two Certificates of Need.
E.L. Clark leased buildings for the operation of nursing homes to Albertville Nursing Home, Inc. (Albertville), in Albertville, Alabama, and to Barfield Health Care, Inc. (Barfield), in the Claysville-Guntersville area. In July 1985, Albertville and Barfield each applied for a Certificate of Need (CON) to construct new nursing home facilities and to relocate their beds and services to the new facilities. In August 1985 Albertville and Barfield were each issued a CON, and in 1986 they moved into their new facilities. Thereafter, Clark applied to the Alabama Department of Public Health for a license to operate nursing homes in his facilities vacated by Albertville and Barfield. The Department denied Clark's request because he did not have a CON authorization for any beds in either of his facilities.
In February 1986, Clark filed a lawsuit in the United States District Court for the Middle District of Alabama against Albertville; Barfield; Derrell O. Fancher, the director of the State Health Planning and Development Agency; the State Health Planning and Development Agency (SHPDA); and numerous state officials, alleging that all of the defendants had conspired to deprive him of his property rights in the nursing homes in Albertville and Guntersville, in violation of the due process clause enforced by 42 U.S.C. § 1983. Clark subsequently amended his complaint to allege that the defendants had entered into a racketeering enterprise with the goal and effect of depriving him of his property interest and in doing so had acted in violation of the Racketeer Influenced and Corrupted Organization Act (RICO), 18 U.S.C. § 1961-1968. *Page 260 
On April 9, 1991, United States District Judge Myron Thompson entered a judgment in favor of Clark and against only SHPDA on his § 1983 claim for its failure to give him notice of the hearing regarding the transfer of beds and services from his facilities to other facilities. Judge Thompson ordered SHPDA to provide a hearing within 45 days with regard to the transfer of the beds and services from Clark's two nursing home facilities and to reconsider de novo the transfer of the beds and services in light of any evidence Clark might present.
On May 7, 1991, Judge Thompson entered an order clarifying his decision, at the request of SHPDA, holding that if Clark requested a "contested case" hearing then his case should be heard by an administrative law judge and that otherwise his case should be heard by the SHPDA CON Review Board.
On June 19, 20, 21, 25, 26, 27, and 28, 1991, hearings on the applications of Albertville and Barfield for CONs were conducted by Mark D. Wilkerson, the appointed administrative law judge, pursuant to the Contested Case provisions of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala. Code 1975. The record indicates that the administrative law judge issued a recommended order to the SHPDA CON Review Board. On August 26, 1991, the SHPDA CON Review Board held a hearing on the CON applications of Albertville and Barfield. On that same day, the SHPDA CON Review Board issued a 60-page final order, granting the CON applications of Albertville and Barfield.
On September 26, 1991, Clark filed a request for a "fair hearing review" with the SHPDA CON Review Board. On October 26, 1991, Clark filed a petition for judicial review in the Montgomery County Circuit Court, naming Derrell O. Fancher, SHPDA, Albertville, and Barfield as defendants.
On November 12, 1991, Clark filed an emergency motion for temporary and permanent injunctive relief and a motion for a show cause hearing in the United States District Court for the Middle District of Alabama. Clark requested that the United States District Court enter a temporary restraining order against SHPDA, prohibiting it from conducting any "fair hearings," and requested that the court enter permanent injunctive relief declaring the SHPDA CON Review Board's decision contrary to that court's prior orders. Clark also requested that the district court remand the case to SHPDA and the administrative law judge for them to define Clark's CON rights. On November 14, 1992, Judge Thompson held a hearing on Clark's emergency motion. That same day, Judge Thompson entered an order denying Clark's emergency motion. Judge Thompson held that SHPDA had fully and completely complied with the remedial orders of the court.
On November 15, 1991, a hearing was held before the fair hearing officer, Mark G. Montiel. On November 27, 1991, the fair hearing officer issued a final order, approving and affirming the SHPDA order, finding that SHPDA did not act in an arbitrary or capricious manner without reasonable justification for its decision.
On December 6, 1991, SHPDA filed a motion to dismiss Clark's petition for judicial review on the ground that the SHPDA order had not become a final decision until November 27, 1991, and therefore, Clark had filed his petition for judicial review prematurely. The record indicates that at the same time Clark also filed a petition for judicial review in the Marshall County Circuit Court.
On December 20, 1991, Clark refiled his notice of appeal with the SHPDA CON Review Board. That same day, Clark refiled his petition for judicial review in the Montgomery County Circuit Court. On December 27, 1991, Albertville and Barfield filed a motion to require Clark to select under which statute he was appealing and to which court he was appealing. Albertville and Barfield alleged that Clark had refiled a petition for judicial review in both the Montgomery County Circuit Court and the Marshall County Circuit Court pursuant to both the Alabama Administrative Procedure Act (AAPA), § 41-22-20 et seq., Ala. Code 1975, and the CON statute, § 22-21-260 et seq., Ala. Code 1975. *Page 261 
On January 3, 1992, Ozettia Gilliland, Ruby Kimberly, Jessie Sims, Dora Stephens, James Thompson, Alma Walls, Nell Broach, Opal Dobbins, Allie Garrett, Anna Hunt, Margaret Johnston, Winifred McVeigh, Sara Smith, and Alta Mae Williams (Residents), residents and patients in the nursing homes in Albertville and Guntersville, filed a petition to intervene in the case.
On January 8, 1992, the trial court entered an order, dismissing Clark's October 24, 1991, petition for judicial review and his original notice of appeal. The trial court found that it had jurisdiction of the cause pursuant "to the AAPA because Clark was not an 'applicant' in the administrative proceeding." On January 17, 1992, the trial court granted the Residents' motion to intervene.
On February 7, 1992, Clark's Marshall County action was transferred to the Montgomery County Circuit Court. On October 13, 1992, Clark filed a motion to consolidate his actions, which was subsequently granted.
On June 18, 1993, the trial court entered a judgment, affirming the decision of SHPDA. On July 16, 1993, Clark filed a motion to alter, amend, or vacate the June 18, 1993, judgment. On September 7, 1993, the trial court denied Clark's motion to alter, amend, or vacate its judgment.
Clark appeals, raising two issues; (1) whether the trial court erred in affirming the decision of the SHPDA CON Review Board and (2) whether the trial court erred in denying his motion to alter, amend, or vacate its judgment of June 18, 1993.
Judicial review of an agency decision is limited by §41-22-20(k), Ala. Code 1975, which provides in part:
 "Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. . . ."
Further, this court reviews the judgment of the trial court " 'without any presumption of correctness, since [that] court was in no better position to review the order of the Board than we are.' " Nursing Home of Dothan, Inc. v. Alabama State HealthPlanning Development Agency, 542 So.2d 935, 938
(Ala.Civ.App. 1988), quoting Regional Dialysis v. Northeast AlabamaKidney Clinic, Inc., 480 So.2d 1226 (Ala.Civ.App.), cert.denied, 480 So.2d 1229 (Ala. 1985). A reviewing court may not substitute its judgment as to the weight of the evidence on questions of fact, and the agency's decision is to be upheld unless it is unreasonable, arbitrary, or capricious. MontgomeryRehabilitation Hospital, Inc. v. State Health Planning Agency,610 So.2d 403 (Ala.Civ.App. 1992).
Clark argues that the decisions of the SHPDA CON Review Board and the fair hearing officer were arbitrary and capricious. Clark claims that the SHPDA CON Review Board, the fair hearing officer, and the trial court ignored or misconstrued significant factual information.
The record reveals that before 1976 Clark operated the nursing home in the Albertville facility and that his license to operate the nursing home was revoked; however, Clark's license was later reinstated. The record also reveals that in 1976 the State intended to revoke Clark's license again and to close his nursing home because of what it found to be unsanitary, unsafe, unacceptable, and intolerable conditions. The record further reveals that in an attempt to keep the facility open, Clark agreed not to operate the nursing home business and to lease his building to Albertville.
Further, the record reveals that Clark constructed a nursing home facility in the Claysville-Guntersville area after being denied an "Assurance of Need" certificate by the Alabama Committee of Public Health. The record also reveals that in July 1978, before the completion of the nursing home facility, Clark entered into a lease of the facility with Claysville-Guntersville Nursing Home, Inc. The record reflects that Clark represented to Claysville-Guntersville Nursing Home, Inc., that he had an Assurance of Need (AON) certificate on the facility; this representation subsequently led to a lawsuit and a settlement. The record also reflects that in August 1979 Brooks Barfield purchased all of *Page 262 
the stock of Claysville-Guntersville Nursing Home, Inc. The record further reflects that Brooks Barfield incorporated Barfield Health Care, Inc., to operate and provide nursing home services at the Claysville-Guntersville facility.
The record reflects that in 1985 Albertville and Barfield each filed an emergency application for a CON for the construction of a new facility and the relocation of the same number of beds that they had been operating. In support of their applications, Albertville and Barfield listed numerous alleged deficiencies in the current buildings they were leasing from Clark. Section 22-21-275(14), Ala. Code 1975, provides that the decision of the fair hearing officer "shall be considered the final decision of the state agency" for the purposes of judicial review. See also Methodist Homes for the Aging v.Stewart, 594 So.2d 161 (Ala.Civ.App. 1992). The fair hearing officer adopted by reference the findings of fact and conclusions of law in the SHPDA CON Review Board's order of August 26, 1991. The fair hearing officer found that the applications of Albertville and Barfield met "the required findings of § 22-21-266, Ala. Code 1975, with respect to inpatient facilities or services and that the applications [were] consistent with each of the applicable criteria and standards set forth in Chapter 6 of the SHPDA Rules" and the appropriate State plan. The Fair Hearing officer also found that SHPDA had not acted in an arbitrary or capricious manner and that it did not abuse its discretion in deciding that the applications of Albertville and Barfield should be granted.
The SHPDA CON Review Board record contains almost 1930 pages of transcribed testimony and 500 exhibits. There was extensive testimony regarding the condition of the nursing home facilities in 1985, testimony regarding Clark's refusal to repair or correct structural defects and conditions affecting the health and safety of the residents of the nursing homes, and the estimated thousands of dollars that it would have cost for the necessary repairs.
The SHPDA CON Review Board found that the correction of the deficient conditions was primarily the responsibility of Clark, and that he was unwilling to make the repairs and improvements to protect the health and safety of the residents of the facilities. The SHPDA CON Review Board further found that the deficient conditions "were not reasonably 'foreseeable' within the context of the emergency review provision and constituted [an] 'emergency' for the purposes of the CON statute, the 1985 SHPDA Rules and Regulations and the executive moratorium." The SHPDA CON Review Board held that Albertville and Barfield were the holders of a superior "grandfathered" CON interest in the operation of the nursing home beds and the nursing home services located in, and provided by, the nursing home facilities owned by Clark before and after July 30, 1979.
We find that the SHPDA CON Review Board acted within its authority to grant CONs to Albertville and Barfield and that its decision and the decision of the fair hearing officer are supported by substantial evidence. See Nursing Home of Dothan,supra. Therefore, the trial court did not abuse its discretion by affirming the decision of the SHPDA CON Review Board or by denying Clark's motion to alter, amend, or vacate.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.