CRAWLEY, Judge.
The City of Prichard Police Department terminated the employment of Billy Odell, Jr., on the grounds that Odell had wrongly arrested a person and had used excessive force in the course of the arrest. Odell appealed the termination to the Mobile County Personnel Board; the Board reversed the termination, but ordered that Odell be suspended for 30 days. Odell appealed the Board’s order to the Mobile Circuit Court. The circuit court reversed the Board’s order and ordered that Odell be reinstated without any suspension. The Board appeals.
In an administrative agency case, “this court reviews the judgment of the [circuit] court without any presumption of correctness, since [that] court was in no better position to review the order of the [agency] than we are.” Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994). An administrative agency’s decision will not be reversed unless it is arbitrary, capricious, or legally incorrect. Ex parte Personnel Bd. for Mobile County, 637 So.2d 888 (Ala.1994).
The Police Department based the termination on a finding that Odell’s conduct in regard to the arrest had constituted “conduct unbecoming an employee in the public service,” which is listed as a basis for termination in Rule 14.2, Rules of the Personnel Board of Mobile County. The Board stated that Odell was appealing a termination based on “conduct unbecoming an employee in the public service.” The Board recited the evidence presented to it and concluded that the evidence did not support a sanction of termination, but would support a 30-day suspension. The Board described Odell’s actions in regard to the arrest as an “exercise of poor judgment.”
The circuit court stated that the Board impermissibly charged Odell with a violation of “exercise of poor judgment,” which is not listed in Rule 14.2 as a basis for termination or any other sanction. The circuit court further stated that Odell was never notified that he was charged with “exercise of poor judgment” and that the charge of “exercise of poor judgment” was unconstitutionally vague and ambiguous.
The Board argues that it never charged Odell with “exercise of poor judgment.” Rather, the Board argues, in its order it merely described Odell’s conduct as an “exercise of poor judgment.” We agree with the Board. As stated above, the Board’s order states, at the beginning, that Odell’s termination was based on “conduct unbecoming an employee in the public service.” At the end of its order, the Board merely describes Odell’s conduct as an “exercise of poor judgment.” Nowhere in the Board’s order does it state that Odell was charged with “exercise of poor judgment.” The circuit court erred by concluding that the Board had formally charged Odell with “exercise of poor judgment,” and it erred by vacating the order of the Board.
The judgment of the circuit court is reversed, and that court is instructed to reinstate the order of the Board.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*612 YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.