JONES, Justice.
This case involves the Alabama Public Service Commission’s grant of an emergency rate increase on January 20, 1977. The Circuit Court dismissed the appeal as moot, holding that no effective relief could be granted. We affirm.
On January 20, 1977, Alabama Power Company was granted a $47.2 million emergency rate increase (on an annual basis) which was to remain in effect until May 15, or until a permanent rate became effective. Charges were collected on this emergency rate from January 20 through April 27, 1977, and Industrial Intervenors paid approximately $15.2 million pursuant to those charges.
On April 26, 1977, the APSC issued its Order (effective April 28) setting perma *971 nent rates for all customers. No appeal was taken from this Order.
When timely appeal was filed on the emergency rate Order, no supersedeas bond was posted. The Circuit Court dismissed the appeal as moot on January 28, 1978.
It is well established that there can be but one lawful rate in effect at any given time and that rate is the rate established by the APSC, as long as it remains unchanged. T. R. Miller Mill Co. v. Louisville & Nashville Railroad Co., 207 Ala. 253, 92 So. 797 (1921). Because there was no supersedeas bond posted, the charges were collected under a lawful rate and cannot be refunded. Alabama Gas Corp. v. Wallace, 293 Ala. 594, 308 So.2d 674 (1975); and State v. Alabama Public Service Commission, 293 Ala. 553, 307 So.2d 521 (1975) (involving General Telephone Company of the Southeast). See also Foshee v. General Telephone Company of the Southeast, 295 Ala. 70, 322 So.2d 715 (1975). Thus, there is no effective remedy upon which relief can be granted. To render an opinion based solely upon the Commission’s alleged improper actions (without seeking a remedy therefrom) or upon its prospective improprieties would be to render impermissible advisory opinions. See Smith v. Alabama Dry Dock & Shipbuilding Co., 293 Ala. 644, 309 So.2d 424 (1975).
Therefore, the Order of the Circuit Court dismissing the appeal for mootness is due to be affirmed.
AFFIRMED.
All the Justices concur.