Gabrielle D. Ghaskin worked for the Mobile County Sheriff's Department in the classification of "office assistant I." In March 1998, two warrants were issued for her arrest on charges of harassment and menacing. She was arrested while she was at work and was turned over to the custody of the Mobile County jail. Sheriff Jack S. Tillman notified her in writing that her employment was being terminated; she received the notice while she was in the docket room of the jail. Later on that same day, Ghaskin was released by an order of the municipal court. The Department did not provide Ghaskin with a pre-termination hearing.
Ghaskin appealed her termination to the Mobile County Personnel Board, arguing that the Department was required to provide her with a pre-termination hearing. The Board ordered her reinstatement because the Department had not provided her with a pre-termination hearing. Sheriff Tillman appealed the Board's order to the Circuit Court of Mobile County, which reversed the Board's order and reinstated Ghaskin's termination.
In an administrative agency case, "this court reviews the judgment of the trial court `"without any presumption of correctness, since [that] court was in no better position to review the order of the [agency] than we are."'" Clark v.Fancher, 662 So.2d 258, 261 (Ala.Civ.App. 1994). An administrative agency's decision will not be reversed unless it is arbitrary, capricious, or legally incorrect. Ex parte PersonnelBd. for Mobile County, 637 So.2d 888 (Ala. 1994). This court and the trial court must give substantial deference to an agency's interpretation of its rules and regulations. Personnel Bd. ofJefferson County v. Bailey, 475 So.2d 863 (Ala.Civ.App. 1985). "[A]n agency's interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation." Ferlisi v. Alabama Medicaid Agency,481 So.2d 400, 403 (Ala.Civ.App. 1985); see also StatePersonnel Bd. v. Wallace, 682 So.2d 1357 (Ala.Civ.App. 1996).
The regulation at issue in this case is Rule 14.3(b), Rules of the Personnel Board of Mobile County. Rule 14.3(a) requires a pre-termination hearing before an employee such as Ghaskin may be terminated. Rule 14.3(b) sets out 3 "extraordinary situations" in which a pre-termination hearing is not required. One situation is where the employee is "confined to jail or prison under a writ of arrest or other judicial process."
In its decision reinstating Ghaskin, the Board interpreted Rule 14.3(b), and it gave its reason for its interpretation as follows:
 "The Personnel Board's interpretation of the phrase `confined in jail or imprisoned' suggests a confinement or incarceration of some duration or permanence that would prevent the employee from performing job-related duties for an extended period of time. It simply does not suggest to this Board that a confinement of several hours would constitute (1) extraordinary circumstances or (2) result in confinement or imprisonment . . . suggesting any degree of an extended period of time. In further support of the Board's interpretation of Rule 14.3(b)(3), service is perfected by serving notice at the persons's last address, at the facility where the individual is confined or imprisoned, or at the place of employment. This suggests to the *Page 519 
Board that actual service upon the employee is not required, which also indicates the existence of an extraordinary situation. Service of the notice is effectuated by service completion at one of the three (3) locations listed under the rules. Furthermore, the Sheriff's Department was well aware of the initial arrest that occurred in 1996[;] however, they took no action at that time. For the Sheriff's Department to take the position that now an extraordinary situation has been created flies in the [face] of logic and baffles the mind."
The trial court rejected the Board's interpretation, reasoning as follows:
 "The language of Rule 14(b) of the Laws and Rules of the Personnel Board of Mobile County is plain and unambiguous. If an employee is confined under a writ of arrest, then there is an extraordinary situation. If an extraordinary situation exists, then the employee is not entitled to a pre-disciplinary hearing. Gabrielle Ghaskin was confined under a writ of arrest; therefore, as a matter of law, Ms. Ghaskin is not entitled to a pre-disciplinary hearing. By holding that the heretofore unknown notion of duration applies to the meaning of `confinement,' and thus determining that Ms. Ghaskin was not `confined,' the Personnel Board has circumvented its own rule. Therefore, the Personnel Board of Mobile County's decision is unreasonable and unlawful."
We conclude that the trial court erred by substituting its judgment for that of the Board. The Board made a reasonable interpretation of Rule 14.3, and, even if the trial court thought another interpretation was more reasonable, it could not substitute its interpretation for that of the Board. Ferlisi, supra.
The judgment of the trial court is reversed, and the trial court is directed to reinstate the order of the Board.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs in the result.