PITTMAN, Judge.
The Alabama Law Enforcement Agency ("ALEA"), by and through Hal Taylor, its secretary,[1] appeals from a judgment entered by the Colbert Circuit Court that reinstated the driving privileges of Bradley Christopher Harvey and ordered the dismissal of administrative proceedings involving the suspension of Harvey's driving privileges. We reverse and remand.
The record reflects that, on September 15, 2015, at 10:32 p.m., in the city of Sheffield, Harvey was arrested by a police officer for allegedly having committed a violation of § 32-5A-191(a)(2), Ala. Code 1975, which prohibits the operation of a motor vehicle while under the influence of alcohol. The Uniform Traffic Ticket and Complaint ("UTTC") form generated at that time bears the printed name of a Sheffield police officer, but it does not contain a complainant's signature or an entry indicating that it was "sworn to and acknowledged before" a magistrate judge. Harvey was informed by the arresting officer of the legal duty of a motor-vehicle operator to submit to a chemical test of breath for the purpose of determining the alcoholic content of that operator's blood, see generally Ala. Code 1975, § 32-5-192, but Harvey refused to undergo such a test.
After Harvey had refused the breath test, the arresting officer completed a "Form AST-60" promulgated by the Alabama Department of Public Safety ("DPS"), an agency that is, by statute, now a component of ALEA (see Ala. Code 1975, § 41-27-1 ). The form stated the pertinent facts of Harvey's arrest, the officer's observations of Harvey purportedly amounting to probable cause to believe that Harvey had violated § 32-5A-191, and the fact of Harvey's refusal of chemical breath analysis despite being informed both of his duty to provide a breath sample and his potential loss of driving privileges as a result of the refusal. An unsworn copy of the Form AST-60 was provided to Harvey, while a notarized original was transmitted to DPS along with a copy of the UTTC. That transmission was undertaken pursuant to the requirements of Ala. Code 1975, tit. 32, art. 14 ("Article 14"), under which the director of DPS or his or her agent "shall suspend the driving privilege of any person" upon determination that the person either operated a motor vehicle while the amount of alcohol in the person's blood exceeded the legal limit or refused a test to determine the person's blood-alcohol content. Ala. Code 1975, § 32-5A-300(a) and (b). Another portion of Article *871 14, Ala. Code 1975, § 32-5A-301, provides in full as follows:
"(a) A law enforcement officer who arrests any person for a violation of Section 32-5A-191 shall within five days after the day of arrest, excluding weekends and state holidays, hand deliver, mail, or submit electronically to [DPS] a sworn report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated Section 32-5A-191, the results of any chemical test which was conducted, a statement if the person refused to submit to a test, and a copy of the citation or complaint filed with the court.
"(b) The report required by this section shall be made on forms supplied by [DPS] or in a manner specified by regulations of [DPS].
"(c) [DPS] shall not take action on any report not sworn to and not mailed and postmarked or received by [DPS] within five days after the day of arrest, excluding weekends and state holidays."
(Emphasis added.)
After the arresting officer had made his report to DPS, Harvey sought and obtained an administrative hearing pursuant to Ala. Code 1975, § 32-5A-307 ; however, after that hearing, the DPS hearing officer assigned to Harvey's case determined that the facts met the statutory requirements to sustain the suspension of Harvey's driving privileges, and that determination was subsequently confirmed by DPS's chief hearing officer. Harvey then timely sought judicial review of his suspension in the Colbert Circuit Court, pursuant to Ala. Code 1975, § 32-5A-308, and sought and obtained a stay of the suspension of his driving privileges.
On November 16, 2016, the circuit court held a hearing, at which the arresting officer and an ALEA records custodian testified. During direct examination of the arresting officer, after having elicited testimony regarding Harvey's refusal to submit to a breath test, ALEA offered Exhibit 1, which was identified as a copy of the UTTC that had been prepared by the officer; however, on voir dire examination, the officer admitted that Exhibit 1 had not been signed or sworn to, and the circuit court ruled that Exhibit 1 would not be admitted into evidence. Similarly, the ALEA records custodian admitted on cross-examination that she did not have a sworn copy of the UTTC. After those witnesses had testified, counsel for Harvey orally moved for a judgment in Harvey's favor (cf. Rule 52(c), Ala. R. Civ. P.) because of the absence of a sworn copy of the UTTC; the circuit court granted that motion, stating that, "[b]ased upon the failure to present a sworn [UTTC], I think that is what justice requires," and entered a judgment directing that Harvey's driving privileges be reinstated. Following the denial, by lapse of time, of ALEA's postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., see generally Rule 59.1, Ala. R. Civ. P., Taylor, in his official capacity as secretary of ALEA, filed a notice of appeal to this court. We have appellate jurisdiction pursuant to Ala. Code 1975, § 12-22-2, under which final judgments of circuit courts are generally appealable to the appropriate appellate court, and § 12-3-10, which identifies this court as the appropriate appellate court to hear appeals arising from decisions of administrative agencies, such as ALEA.
Ordinarily, under the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq., judicial review by circuit courts of decisions of administrative agencies is (1) subject to the presumption that the agency *872 has acted correctly and (2) limited to the record made before an administrative agency, see Ala. Code 1975, § 41-22-20(i), (j), and (k) ; moreover, subsequent appellate review under the AAPA likewise is subject to the same scope and standards. See Alabama Dep't of Youth Servs. v. State Pers. Bd., 7 So.3d 380, 384 (Ala. Civ. App. 2008). However, Article 14 states that "[t]he procedures set forth in [that] article shall be the sole and exclusive manner to determine the administration of [that] article" and expressly provides that the AAPA "shall not apply." Ala. Code 1975, § 32-5A-307(g). Instead, Ala. Code 1975, § 32-5A-308, provides that, at any judicial-review hearing held by a circuit court in a case involving suspension by ALEA of driving privileges, "the court may take testimony and examine the facts of the case" and, thereafter, may "either reverse or sustain the final determination of" ALEA. We thus agree with Harvey that the circuit court's review of the DPS hearing officer's decision was de novo and was not subject to the deferential standards set forth in the AAPA for which ALEA advocates. See Director, Dep't of Pub. Safety v. Irvine, 603 So.2d 1074, 1075 (Ala. Civ. App. 1992) (holding that, under a similar driver's license disciplinary statute, Ala. Code 1975, § 32-5A-195(q), a judicial-review proceeding "is a de novo hearing, i.e., the trial court is empowered to have a hearing, to take testimony, to receive evidence, and to make a finding on its own," and "the [d]irector [of the disciplining agency] ha[s] the burden of proof").
However, that the circuit court in this case conducted a de novo review of the suspension of Harvey's driving privileges does not immunize its judgment from reversal. Rather, an appellate court itself "reviews de novo a trial court's interpretation of a statute, because only a question of law is presented." Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala. 2003). In this case, we are called upon to review the circuit court's conclusion that ALEA failed to prove the correctness of its administrative decision to suspend Harvey's driving privileges because no sworn copy of the UTTC transmitted by the arresting officer was produced at trial.
We again turn to the pertinent statutes in Article 14. As we have noted, the legislature has, in Article 14, required the suspension of the driving privileges of persons when it is determined that the person has refused testing to determine his or her blood-alcohol content. Ala. Code 1975, § 32-5A-300(b). In this case, it is undisputed that Harvey refused such a test when the arresting officer sought to perform it and that a Form AST-60 was prepared by the arresting officer that disclosed information regarding Harvey's identity and residence and contained both a statement of the officer's observations pertinent to whether Harvey had been intoxicated and a notation regarding Harvey's refusal to submit to a breath test. Further, the evidence presented to the circuit court indicated that a sworn copy of that Form AST-60, as well as a copy of the UTTC issued to Harvey, was transmitted to and received by DPS, although a copy of the Form AST-60 that did not contain a notarial attestation was given to Harvey.
In order for ALEA to make a valid determination that a person's driving privileges should be suspended under Article 14, the legislature has mandated that an arresting officer must, within five working days, transmit a "sworn report" that is to include "information which adequately identifies the arrested person," "a statement of the officer's grounds for belief that the person violated Section 32-5A-191," "the results of any chemical test which was conducted," "a statement if the person refused to submit to a test," and "a copy of the citation or complaint filed with the court." Ala. Code 1975, § 32-5A-301(a). In *873 other words, the report of the arresting officer is what must be sworn, not the UTTC copy: the agency, i.e., DPS, under Ala. Code 1975, § 32-5A-301(c), "shall not take action on any report not sworn to and not mailed and postmarked or received by [DPS] within five days after the day of arrest, excluding weekends and state holidays" (emphasis added). We infer from the legislature's simultaneous use of "sworn report" in two instances and of the simple term "copy" in one instance in § 32-5A-301(a) that it was not intended that the UTTC, which is the document constituting the "citation or complaint filed with the court" that initiates criminal driving-under-the-influence proceedings against an accused motorist, is also required to be sworn in the same manner that the arresting officer's Form AST-60 must be in order for ALEA to properly declare the suspension of that motorist's driving privileges. Stated another way, while the failure of an arresting officer to swear to the contents of a UTTC may or may not have adverse effects upon the institution and maintenance of criminal proceedings against a person accused of driving under the influence of drugs or alcohol, that omission does not invalidate the jurisdiction of ALEA to administratively suspend that person's driving privileges, and the circuit court erred in concluding that the lack of a "sworn" UTTC copy warranted a conclusion that Harvey's driving privileges could not properly be suspended by ALEA.
Based upon the foregoing facts and authorities, we conclude that the judgment of the circuit court reversing ALEA's administrative suspension of Harvey's driving privileges was erroneous as a matter of law. We therefore reverse the judgment and remand the cause for the circuit court to conduct further proceedings pursuant to § 32-5A-308 and to thereafter determine, without regard to the absence of a sworn copy of the UTTC issued to Harvey, whether the administrative suspension of Harvey's driving privileges by ALEA should be reversed or sustained under the facts evidenced.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Pursuant to Rule 43(b), Ala. R. App. P., in April 2017 Hal Taylor was automatically substituted as the appellant upon being named secretary of ALEA.