THOMPSON, Presiding Judge.
The Alabama Department of Transportation ("ALDOT") and New South Outdoor, LLC ("New South"), appeal from a judgment of the Montgomery Circuit Court ("the circuit court") reversing ALDOT's decision to revoke an outdoor-advertising permit ("the permit") it had issued to Lee Outdoor Advertising, LLC ("Lee"). The circuit court further ordered ALDOT to reinstate the permit it had issued to Lee.
The material facts in this case are undisputed. Shon Lee ("Shon") owns Lee. On Lee's behalf, he applied for a permit to erect an electronic billboard off Interstate 85 in Montgomery. At the time the application was completed, Lee had entered into an agreement to purchase the property where the billboard was to be located ("the property"). On the application, Shon indicated that Lee owned the property. However, it is undisputed that Shon disclosed to J.C. Atkins, ALDOT's permit manager, that Lee had a contract to purchase the property and that the closing had not yet taken place. In the purchase contract, Lee was given 90 days in which to obtain a billboard permit. ALDOT approved the application and issued Lee a billboard permit on March 15, 2017.
Two days before Lee was to close on the property, Lee learned that the owner of land adjacent to the property, BFHK, LLC, had a right of first refusal to purchase the property. BFHK exercised that right and purchased the property on June 9, 2017. Lee did not inform ALDOT that it had not been able to close on the property. On June 28, 2017, ALDOT received a letter from BFHK stating that it had purchased the property and was negotiating with New South, a competitor of Lee's, to allow New South to erect a billboard on the property.
On July 5, 2017, ALDOT notified Lee by letter that it was revoking the permit. Stacey Glass, the state maintenance engineer for ALDOT, testified that the "sole basis" for the revocation was that Lee had indicated it owned the property. It is undisputed that ALDOT did not notify Lee before revoking the permit.
Lee appealed the revocation of the permit to ALDOT and requested a hearing before an administrative-law judge ("ALJ"). Among Lee's arguments was its assertion that ALDOT had not complied with the notice requirements of § 23-1-275(e), Ala. Code 1975, and § 41-22-19(c), Ala. Code 1975. Section 23-1-275(e), a part of the Alabama Highway Beautification Act--Outdoor Advertising ("the Highway Beautification Act"), § 23-1-270 et seq., Ala. Code 1975, provides, in pertinent part:
"Any permit may be revoked after a public hearing upon 30 days written notice if [ALDOT] finds that any statements made in the application thereof were false or misleading or that the *544 advertising sign, display, or device covered thereby is not in good general condition and in reasonable state of repair or is otherwise in violation of [the Highway Beautification Act], provided such false or misleading statement has not been corrected and that the sign, display, or device has not been brought into compliance with [the Highway Beautification Act] prior to said public hearing."
As a state agency, ALDOT is subject to the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala. Code 1975. See, e.g., Rule 450-10-1-.11(4), Ala. Admin. Code (ALDOT). See also, e.g., Alabama Dep't of Transp. v. Blue Ridge Sand & Gravel, Inc., 718 So.2d 27, 28 (Ala. 1998). Section 41-22-19(c), a provision of the AAPA, provides:
"No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by certified mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license."
On October 27, 2017, after a hearing during which the parties submitted oral and documentary evidence, the ALJ entered a recommended order in which he found, among other things, that ALDOT had "failed to properly notice Lee of a public hearing or give [it] an opportunity to respond to the allegations prior to revocation." After calling the applicable notice provisions "well-established Alabama law," the ALJ wrote: "However, the hearing conducted in this matter provided Lee an opportunity to present [its] evidence and argue [its] position. Lee's due process rights were cured during the administrative appeal."
The ALJ also determined that, because Shon had informed Atkins that Lee had not yet closed on the property, the application was not misleading. However, the ALJ concluded, "Lee's representation on the application that [it] was the property owner was rendered false after the failed land purchase." Therefore, the ALJ recommended that ALDOT uphold the revocation of the permit.
Lee filed a timely notice of appeal and sought judicial review in the circuit court of the decision to revoke the permit. New South was permitted to intervene in the matter. A special master was appointed to review the materials from the hearing held before the ALJ and the parties' briefs, and oral argument was held to clarify the parties' positions. The circuit court also reviewed the materials, and on April 11, 2018, it entered a judgment reversing ALDOT's revocation of Lee's permit.
In the judgment, the circuit court discussed, among other things, the deprivation of Lee's due-process rights by the failure of ALDOT to provide it with notice and a hearing before ALDOT revoked the permit. The circuit court pointed out that ALDOT and New South conceded that Lee's right to due process was violated initially but that they asserted the violation was "cured" by the evidentiary hearing before the ALJ. The circuit court concluded that the authority cited by ALDOT, discussed below, was not persuasive and, further, that it was not convinced that the "post-deprivation hearing" cured the violation. The circuit court wrote: "Normally, the remedy would be reversal for notice and a hearing to be provided before the revocation." However, the circuit court explained, if it overturned the revocation of the permit on the merits, the due-process violation would become moot.
The circuit court wrote that the issue before it was whether ALDOT had properly *545 revoked the permit, not whether the permit had been properly issued in the first place. ALDOT conceded to the circuit court that it had never before revoked a permit on the basis that the permit holder did not have a legal right to the property where the billboard was to be erected, and the circuit court found that that reason was not a basis for revocation set forth in § 23-1-275(e). The circuit court found that the basis for the revocation was that the application was false or misleading, and, the circuit court found, "Lee's application was neither." Therefore, the circuit court concluded that, in revoking the permit on the ground that Lee did not own the property, ALDOT had acted beyond its statutory authority.
Based on its findings, the circuit court determined that ALDOT's decision to revoke the permit was made upon unlawful procedure; was made in violation of both constitutional and statutory provisions; and was made in excess of the statutory authority of the agency. Accordingly, the circuit court reversed ALDOT's decision and ordered Lee's permit to be reinstated. ALDOT and New South timely appealed from the circuit court's judgment.
On appeal, ALDOT challenges the circuit court's determination that it violated Lee's due-process rights by failing to provide Lee with notice and a hearing before revoking the permit, as required by § 23-1-275(e) and, under the AAPA, § 41-22-19(c). ALDOT further contends that any due-process violation was "cured" by the evidentiary hearing the ALJ held when Lee appealed the revocation.
"The usual standard for judicial review of decisions by administrative agencies was stated in Mobile County Personnel Board v. Tillman, 751 So.2d 517 (Ala. Civ. App. 1999) :
" 'An administrative agency's decision will not be reversed unless it is arbitrary, capricious, or legally incorrect. This court and the trial court must give substantial deference to an agency's interpretation of its rules and regulations. "[A]n agency's interpretation of its own regulation must stand if it is reasonable, even though it may not appear as reasonable as some other interpretation." '
" 751 So.2d at 518 (citations omitted)."
Fowler v. Johnson, 961 So.2d 122, 130 (Ala. 2006).
Under the AAPA,
"judicial review by circuit courts of decisions of administrative agencies is (1) subject to the presumption that the agency has acted correctly and (2) limited to the record made before an administrative agency, see Ala. Code 1975, § 41-22-20(i), (j), and (k) ; moreover, subsequent appellate review under the AAPA likewise is subject to the same scope and standards. See Alabama Dep't of Youth Servs. v. State Pers. Bd., 7 So.3d 380, 384 (Ala. Civ. App. 2008)."
Taylor v. Harvey, 257 So.3d 869, 871-72 (Ala. Civ. App. 2017).
Section 41-22-20(k), Ala. Code 1975, provides:
"(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if *546 the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
"(1) In violation of constitutional or statutory provisions;
"(2) In excess of the statutory authority of the agency;
"(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
"(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
"(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
In this case, ALDOT revoked the permit without giving Lee notice and a hearing, both of which were required by law and by the doctrine of due process. That leaves us with the question of whether the post-revocation or post-deprivation hearing before the ALJ "cured" those infirmities. The circuit court concluded that Stallworth v. City of Evergreen, 680 So.2d 229 (Ala. 1996), "casts serious doubt on whether the post-deprivation hearing in this case 'cured' the violation of Lee's due process rights" and ultimately determined that it did not.[1]
Because of the unique circumstances in this case, a decision by this court on the propriety of the circuit court's ruling as to this issue or as to any of the other issues raised on appeal is unnecessary. In reversing the ALJ's decision affirming the revocation of the permit, the circuit court wrote: "The Court does not know what the effect of its ruling is in light of the fact that it is undisputed that Lee does not have permission from the current landowner to erect a sign on the property." This court, too, has considered the effect of the circuit court's judgment and our review of that judgment.
" 'The law does not require the doing of a futile act.' " Craft v. State, 90 So.3d 197, 204 (Ala. Crim. App. 2011) (quoting Ohio v. Roberts, 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) ). Regardless of the propriety of the circuit court's judgment based on the issues presented on appeal, a judgment in Lee's favor is ultimately unenforceable. The permit ALDOT issued to Lee on March 15, 2017, is unenforceable because Lee does not have an interest in the property where the billboard is to be erected. The permit alone does not grant Lee the unconditional right to erect the billboard. Without an ownership interest in *547 the property or a lease for the use of the property, Lee's permit to erect a billboard at that location is of no consequence. Lee concedes it does not have a property right in the property and that it does not have the property owner's permission to erect the billboard. Lee expressed a wish to use the permit as a negotiating tool or as "leverage" to deal with BFHK in the hope of obtaining such a property interest. However, Lee has not demonstrated that holding a permit merely to enhance its bargaining position is a legally protected right that is entitled to constitutional protections.
The Highway Beautification Act does not explicitly require a permit applicant to have a property interest in the location where a billboard is to be erected. However, the application, a copy of which is in the record, requires an applicant to state how it obtained "permission to erect" the billboard, whether by written lease, written agreement, ownership of the property, or other means. Shon, acting on Atkins's instruction, indicated that Lee was the owner of the property even though it was not. At the time the permit was issued, Lee was neither the property owner nor had permission from the eventual landowner to erect the billboard. Although we agree with the circuit court that there was nothing nefarious in Shon's intent in completing the application, the fact remains that the application was rendered false when Lee was unable to purchase the property, despite the circuit court's finding to the contrary. Lee is simply not entitled to the permit that was issued on March 15, 2017.
Lee has no remedy available for the revocation of a permit that never conveyed to it a substantive right. Regardless of whether the permit was revoked with or without due process, because Lee was never entitled to the permit, it never secured a substantive right to the permit. See Enterprise Fire Fighters' Ass'n v. Watson, 869 F.Supp. 1532 (M.D. Ala. 1994) (holding that an employee had no substantive right to continued employment and sustaining a decision at the administrative-appeals level to uphold the employee's dismissal) (quoted favorably in Fowler v. Johnson, 961 So.2d 122, 134-35 (Ala. 2006) ). In Fowler, a deputy sheriff appealed the termination of his employment with the Baldwin County sheriff's office. Our supreme court determined that, even though Fowler's claim that he had been denied procedural due process in the termination of his job was meritorious, no remedy was available for the denial of due-process because he could not recover the monetary damages he sought as a result. The appellee in that case, the Baldwin County sheriff, was entitled to immunity under the Alabama Constitution of 1901. Accordingly, our supreme court affirmed the judgment of the circuit court affirming the termination of Fowler's employment.
Additionally, in this case, Lee has not demonstrated that there is any performance to enjoin in this action; thus no injunctive relief is available in this case. See Ex parte Carter, 275 So.3d 115 (Ala. 2018).
In Brazelton Properties, Inc. v. City of Huntsville, 237 So.3d 209, 215-16 (Ala. Civ. App. 2017), this court explained that
"[i]t [was] clearly impossible for a court to grant effectual relief that is not provided by law; therefore, expressing an opinion regarding whether the city violated Brazelton's rights under the Alabama Constitution for that purpose would amount to contemplation of an abstract proposition--a task ' "that the judiciary of Alabama is not empowered" ' to perform.
*548 Auburn Med. Ctr., Inc. v. East Alabama Health Care Auth., 908 So.2d 243, 245 (Ala. Civ. App. 2003) (quoting Ex parte Connors, 855 So.2d 486, 488 (Ala. 2003) ). Thus, to the extent that Brazelton's amended complaint included a request for compensatory damages based on the city's alleged violations of the Alabama Constitution, we conclude that claim is moot."
Furthermore, this Court has held that
"a matter is moot where 'there is no effective remedy upon which relief can be granted' based on subsequent events. AIRCO, Inc. v. Alabama Pub. Serv. Comm'n, 360 So.2d 970, 971 (Ala. 1978). 'To render an opinion based solely upon ... alleged improper actions (without seeking a remedy therefrom) ... would be to render impermissible advisory opinions.' Id. Moreover, '[a]n action that originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised in it have become moot by subsequent acts or events.' Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala. 2006). See also Underwood v. Alabama State Bd. of Educ., 39 So.3d 120, 127 (Ala. 2009) (' "This Court has often said that, as a general rule, it will not decide questions after a decision has become useless or moot." ' (quoting Arrington v. State ex rel. Parsons, 422 So.2d 759, 760 (Ala. 1982) ) )."
Ex parte Carter, 275 So.3d at 123-24.
Because Lee cannot show that it is entitled to the permit, there has been no remedy available to Lee since the inception of this case. Thus, there has been no justiciable controversy for the circuit court or this court to decide. Accordingly, the appeals are dismissed, albeit with instructions for the circuit court to vacate its judgment of April 11, 2018, and to enter an order reinstating ALDOT's decision revoking Lee's permit.
2170774--APPEAL DISMISSED WITH INSTRUCTIONS.
2170792--APPEAL DISMISSED WITH INSTRUCTIONS.
2170793--APPEAL DISMISSED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Stallworth, supra, involved the dismissal of a city employee whose employment was terminated after a pre-deprivation hearing that our supreme court characterized as "completely devoid of due process of law." 680 So.2d at 235. The Stallworth court wrote: "[N]o matter how fair and adequate the procedures at the post-termination hearing may be, the initial decision made after the pretermination hearing inevitably will have diminished significantly the employee's chances of prevailing at the post-termination hearing." Id. Our supreme court reversed the trial court's judgment affirming the decision to dismiss Stallworth, the city employee, holding:
"The holding of the post-termination hearing ... did not remedy and could not have remedied the earlier deprivation of Stallworth's right to a constitutionally adequate pretermination hearing; this is the case whether or not the trial court's holding that Stallworth was afforded a constitutionally adequate post-deprivation hearing was correct."
680 So.2d at 235.