Rel: January 27, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

## CL-2022-0973

_____

**Ex parte Jason Slayton**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  Kari Nichole Slayton**

**v.**

**Jason Lee Slayton)**

**(Etowah Circuit Court, DR-22-88)**

THOMPSON, Presiding Judge.

Kari Nicole Slayton ("the mother") and Jason Lee Slayton ("the father") were divorced pursuant to a March 2020 judgment ("the Georgia divorce judgment") of the Superior Court of Cherokee County, Georgia.

The Georgia divorce judgment incorporated the terms of a settlement agreement and specified that the mother was awarded "primary physical custody" of the parties' child and that the father was awarded visitation with the child. The Georgia divorce judgment also required the father to pay child support, to pay certain amounts as part of the parties' property division, and to contribute to the payment of the mother's attorney fee.

On March 8, 2022, the mother filed in the Etowah Circuit Court ("the trial court") a petition in which she sought, among other things, to modify the visitation and child-support provisions of the Georgia divorce judgment and to have the father held in contempt for his alleged failure to comply with certain payment provisions of the Georgia divorce judgment. The mother submitted a copy of the Georgia divorce judgment in support of her petition. In addition, in her petition, the mother sought emergency relief. In that part of her petition in which she sought emergency relief, the mother alleged that the father was abusing illegal drugs, asked that the father be required to submit to drug screens, and sought to suspend the father's visitation based on her concerns about his ability to properly care for the child during visits if he was abusing illegal drugs.

On March 8, 2022, the trial court entered an order requiring the father to submit to a drug screen and suspending his visitation with the child pending the submission of the results of that drug screen to the trial court. The materials submitted to this court show that, in response to questioning by the trial court during a hearing on July 26, 2022, the father's attorney made certain representations concerning the father's compliance with the March 8, 2022, order. Among those representations was that the father had submitted to the court-ordered drug screen, that the results of that drug screen were positive for the father's use of cocaine, and that the father had not visited with child since the entry of the March 8, 2022, order. The arguments of the parties' attorneys during the July 26, 2022, hearing and during a later hearing on a purported postjudgment motion also support the assertions of the father's attorney with regard to the results of the drug screen that the father took in compliance with the trial court's March 8, 2022, order.

On April 26, 2022, the father moved the trial court to vacate "any orders" entered by the trial court until the trial court had considered the father's allegation that it lacked subject-matter jurisdiction. The comments of the trial court during the two hearings conducted in this

matter indicate that the only order entered by the trial court at the time the father filed his motion was the March 8, 2022, order, and no other orders dated before April 26, 2022, were included in the materials submitted to this court by the parties. See Rule 21(a)(1)(F), Ala. R. App. P. In his April 26, 2022, motion, the father did not expressly seek to dismiss the mother's action, but he argued that the trial court lacked subject-matter jurisdiction over the action. The materials submitted to this court indicate that, three months later, on July 26, 2022, the father filed a motion to dismiss the mother's petition.

Regardless, the trial court treated the father's April 26, 2022, motion as a motion to dismiss, and it conducted a hearing on July 26, 2022, at which the parties presented evidence on the issue of the trial court's subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975. During the July 26, 2022, hearing, the father testified that he had moved to Alabama in 2019 and had been working and living in Alabama since that time. The mother testified that she had moved with the child to Alabama in May 2020 and that she and the child had lived in Alabama since that time.

4

It is undisputed that when the mother filed her petition, the mother had not sought to register the Georgia divorce judgment in the trial court pursuant to § 30-3B-305, Ala. Code 1975. In his July 26, 2022, motion, and during the July 26, 2022, hearing, the father argued that the mother's entire action should be dismissed based on her failure to register the Georgia divorce judgment in the trial court.

On July 28, 2022, the trial court entered an order finding that, in entering its March 8, 2022, order, it had exercised its emergency jurisdiction under § 30-3B-204, Ala. Code 1975, of the UCCJEA. The trial court also found in that order that the parties had lived in Alabama for a sufficiently long period to confer the trial court with subject-matter jurisdiction over the mother's modification action under the UCCJEA. The trial court ordered the mother to register the Georgia divorce judgment in the trial court, and it denied the father's motions to dismiss.

The father filed a motion asking the trial court to reconsider its July 28, 2022, order, and the trial court conducted a hearing on that motion. On August 5, 2022, the trial court entered an order denying the motion to reconsider but specifying that "[t]he emergency relief granted by the court by virtue of the court's emergency jurisdiction under the UCCJEA

pursuant to the [mother's] petition for emergency ex parte relief shall remain in effect for a period of sixty (60) days from the date of this order."

On September 8, 2022, the father filed a petition for a writ of mandamus in this court. We note that the father's motion to reconsider did not extend the time for the father to file a timely petition for a writ of mandamus from the July 28, 2022, order. See Ex parte Troutman Sanders, LLP, 866 So. 2d 547, 550 (Ala. 2003) (noting that a motion to reconsider, i.e., a purported postjudgment motion, filed in reference to an interlocutory order does not toll the time for filing a timely petition for a writ of mandamus). Regardless, the father's petition for a writ of mandamus was timely filed, having been filed within a presumptively reasonable time after the entry of the July 28, 2022, order, i.e., within 42 days of that order. See Rule 21(a), Ala. R. App. P.; Rule 4(a)(1), Ala. R. App. P.; and Ex parte Murray, 267 So. 3d 328, 331 (Ala. Civ. App. 2018) ("A petition for a writ of mandamus must be filed within a reasonable time, which has been held to be the same time for taking a timely appeal.").

The father argues in his petition for a writ of mandamus that the trial court erred in denying his motion to dismiss the mother's action for

lack of subject-matter jurisdiction. The father contends that the trial court erred in entering that part of its July 28, 2022, order in which it directed the mother to register the Georgia divorce judgment in the trial court. The materials submitted to this court contain no indication that the mother had sought to register the Georgia divorce judgment in the trial court. In fact, in his petition for a writ of mandamus filed 42 days after the entry of the July 28, 2022, order, the father argues that the mother has not amended her petition as directed by the trial court in its July 28, 2022, order. Accordingly, any ruling by this court on whether the trial court erred by directing the mother to register the Georgia divorce judgment would be premature, and we deny the petition as to that issue.

The father also argues that the trial court erred in denying his motion to dismiss with regard to that part of the mother's petition in which she sought to modify the visitation provisions of the Georgia divorce judgment. The father points out that the mother did not register the Georgia divorce judgment in Alabama in compliance with the UCCJEA. He contends, therefore, that based on the holding of Hummer v. Loftis, 276 So. 3d 215 (Ala. Civ. App. 2018), the trial court lacked subject-matter jurisdiction over that part of the mother's petition in

7

which she sought to modify his visitation rights. In <u>Hummer v. Loftis</u>,

276 So. 3d at 221-22, this court explained:

> "The UCCJEA requires that a foreign custody judgment be registered in an Alabama trial court before that court may enforce or modify the terms of the custody or visitation award contained in the foreign judgment. …
>
> "'….'
>
> "… [A]n Alabama trial court lacks jurisdiction to modify a foreign child-custody judgment if that judgment has not been properly registered pursuant to § 30-3B-306[, Ala. Code 1975,] of the UCCJEA. <u>See</u> 30-3B-306(b), Ala. Code 1975 ('A court of this state shall recognize and enforce, but may not modify, except in accordance with Article 2 [of the UCCJEA], a registered child custody determination of a court of another state.')."

<u>See also</u> <u>Boston v. Franklin</u>, [Ms. 2200249, Oct. 29, 2021] ___ So. 3d ___,

___ (Ala. Civ. App. 2021).

In this case, the mother did not register the Georgia divorce judgment in the trial court pursuant to the requirements of the UCCJEA. Therefore, given the father's argument and the foregoing precedent, we hold that the trial court lacked jurisdiction over that part of the mother's petition in which she sought to modify the visitation provisions of the Georgia divorce judgment. We therefore grant the petition for a writ of mandamus to the extent that the trial court denied the father's motion to

dismiss that part of the mother's petition in which she sought to modify the visitation provisions of the Georgia divorce judgment.

The father argues in his petition for a writ of mandamus that the trial court also lacked subject-matter jurisdiction to consider that part of the mother's petition in which she sought the relief that the trial court granted in the March 8, 2022, order. As we noted earlier in this opinion, the trial court indicated that it had exercised its emergency jurisdiction in entering its March 8, 2022, order. The UCCJEA addresses the emergency jurisdiction of a court as follows:

> "(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

> "(b) If there is no previous child custody determination that is entitled to be enforced under [the UCCJEA] and a child custody proceeding has not been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203[, Ala. Code 1975], a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, a child custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

9

"(c) If there is a previous child custody determination that is entitled to be enforced under [the UCCJEA], or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, any order issued by a court of this state under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.

"(d) A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order."

§ 30-3B-204.

The father contends that the trial court could not exercise emergency jurisdiction in this matter without first registering the Georgia divorce judgment. However, the August 5, 2022, order specified that the trial court's exercise of emergency jurisdiction was effective for

only 60 days from the date of that order, i.e., until October 4, 2022. After the parties submitted briefs in support of their positions on the father's petition for a writ of mandamus, this matter was submitted to this court for a decision on October 3, 2022. One day later, the August 5, 2022, order expired by its own terms, and neither party has informed this court of any extension of the trial court's exercise of emergency jurisdiction. Accordingly, because of the expiration of the trial court's August 5, 2022, order, the issue is now moot because "there is no effective remedy upon which relief can be granted." AIRCO, Inc. v. Alabama Pub. Serv. Comm'n, 360 So. 2d 970, 971 (Ala. 1978). "'[A]s a general rule, [this court] will not decide questions after a decision has become useless or moot.'" Underwood v. Alabama State Bd. of Educ., 39 So. 3d 120, 127 (Ala. 2009) (quoting Arrington v. State ex rel. Parsons, 422 So. 2d 759, 760 (Ala. 1982)). We therefore dismiss that part of the father's petition for a writ of mandamus pertaining to his arguments concerning the trial court's exercise of emergency jurisdiction as moot.

The father has demonstrated that the trial court lacked jurisdiction over that part of the mother's petition in which she sought to modify the visitation provisions of the Georgia divorce judgment because that

11

judgment has not been registered in the trial court pursuant to the requirements of the UCCJEA, and we grant the petition for a writ of mandamus as to that issue and direct the trial court to dismiss that part of the mother's petition. We dismiss as moot that part of the father's petition for a writ of mandamus in which the father seeks to dismiss the mother's claim for emergency relief, and we deny that part of the father's petition for a writ of mandamus in which the father alleges that the trial court erred by directing the mother to register the Georgia divorce judgment.

The father has made no argument in his petition for a writ of mandamus regarding any claims that the mother asserted under the Uniform Enforcement of Foreign Judgments Act ("the UEFJA"), § 6-9-23 et seq., Ala. Code 1975, or under the Uniform Interstate Family Support Act ("the UIFSA"), § 30-3D-101 et seq., Ala. Code 1975. In the absence of an argument regarding the UEFJA and the UIFSA, and particularly when the interested parties have not addressed the issue of whether there was a substantial compliance with the requirements of those acts, we decline to address them.

PETITION GRANTED IN PART, DENIED IN PART, AND DISMISSED IN PART; WRIT ISSUED.

Hanson and Fridy, JJ., concur.

Moore and Edwards, JJ., concur in the result, without opinions.